Commonwealth *v.* King.

454

Argued April 6, 1973, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Charles F. Mayer,* for appellee.

OPINION BY JUDGE ROGERS, April 26, 1973:

A police officer of Aldan Borough, Delaware County, arrested the appellee, John King, and charged him with operating an automobile while under the influence of intoxicating liquor. Upon receiving a certified report that Mr. King had failed to submit to a chemical test of his breath, the Secretary of the Department of Transportation suspended Mr. King's operating privileges for a period of six months, as authorized by Section 624.1(a) of The Vehicle Code, Act of April 29,

1959, P. L. 58, as amended, 75 P.S. §624.1(a). Mr. King's appeal to the Court of Common Pleas of Delaware County was sustained. The Commonwealth has appealed here.

The lower court sustained Mr. King's appeal on the ground of the police officer's admitted failure to advise the appellee that a failure to submit to the test might result in a suspension of his operator's license. This occurred before our decision in *Commonwealth v. Abraham*, 7 Pa. Commonwealth Ct. 535, 300 A. 2d 831 (1973), where we held that: "Since the Pennsylvania statute [Section 624.1(a)] does not require that the operator be advised that his license may be suspended for refusal to take the test, we therefore conclude that there is no obligation on the part of the police officer to so advise the operator."

We cannot simply reverse, however, because the record discloses that the appellee also defended below on the ground that he was not asked to take the test, as the police officer declared. Since the court below did not reach this issue, we must remand for its findings and determination.

The order appealed from is vacated; and the record remanded for further proceedings consistent herewith.