Francis J. Boyle, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued February 7, 1975, before Judges KRAMER ROGERS and BLATT, sitting as a panel of three.

*Frank J. Lynch,* with him, of counsel, *Reilly, Lynch, O'Malley & Hazel,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 6, 1975:

This is an appeal by Francis J. Boyle (appellant) from an order of the Court of Common Pleas of Delaware County upholding the suspension of his motor vehicle operator's license by the Department of Transportation, Bureau of Traffic Safety (Bureau).

On August 5, 1973 a Radnor Township police officer arrested the appellant for driving while under the influence of liquor or drugs. He was advised of his right to remain silent under *Miranda v. State of Arizona,* 384 U.S. 436 (1966), then taken to the police station and requested to submit to a breathalyzer test under Section 624.1 of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §624.1.[1] He refused. The Bureau suspended his license for six months under the authority of The Vehicle Code, an action upheld by the court below, which we must affirm.

We have previously held that in order to sustain a license suspension under Section 624.1 of The Vehicle

---

1. Section 624.1 provides in pertinent part: "(a) Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered by qualified personnel and with equipment approved by the secretary at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor . . . . If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor *and is thereafter requested to submit to a chemical test and refuses to do so,* the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing. . . ." *(Emphasis added.)*

Code the Commonwealth must prove that the defendant (1) was placed under arrest and (2) was charged with the operation of a motor vehicle while under the influence of intoxicating liquor and (3) was requested to submit to a breathalyzer test and (4) had refused to do so. *Bureau of Traffic Safety v. Drugotch,* 9 Pa. Commonwealth Ct. 460, 308 A.2d 183 (1973) ; *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). The appellant argues here that because of allegedly misleading statements made by the arresting officer, no valid request to submit to the breathalyzer test was made. He claims that, after asking the appellant to take the test, the officer explained "You have the right to take it if you want and you don't have to if you don't want to take it. It's entirely up to you. . . ." According to the officer, the appellant replied that he was not taking any test whatsoever. The officer did not inform the appellant driver that failure to take the test could result in a license suspension, and it is argued, therefore, that the appellant was thereby lulled into feeling that he could refuse to take the breathalyzer test without the adverse consequence of losing his license. His lack of awareness of such a consequence, however, clearly does not relieve him of this civil penalty. *Commonwealth v. King,* 8 Pa. Commonwealth Ct. 453, 303 A.2d 926 (1973) ; *Commonwealth v. Abraham,* 7 Pa. Commonwealth Ct. 535, 300 A.2d 831 (1973). It is clear on the record, and it was clearly believed by the court below, that the appellant was requested to take the test and refused. Neither the fact of his having been informed of a right to remain silent nor the communication of an option to abstain from taking the test releases the appellant from the consequences of his refusal. *Glass v. Commonwealth,* —— Pa. ——, 333 A.2d 768 (1975).

The appellant further suggests that the suspension should be overturned because the Commonwealth did not prove that the breathalyzer test would have been admin-

istered with approved equipment and by qualified personnel. These considerations might be valid once the test has been administered but such was not the case here. The requirements set forth in *Miles, supra,* have been met and the license suspension must, therefore, be upheld.

The Opinion and Order of the Court of Common Pleas of Delaware County is affirmed.