Commonwealth of Pennsylvania *v.* James Heresko, Jr. Appellant.

Argued, December 9, 1976, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Lawrence Sager,* with him *Sager & Sager Associates,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 9, 1977:

On July 8, 1974, James Heresko, Jr., was placed under arrest and charged with operating a motor vehicle while under the influence of intoxicating liquor. Thereafter he was helped to a patrol vehicle and taken to a local police station. There a request that he submit to a breathalyzer test under Section 624.1 of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §624.1,[1] was refused.

---

[1] Section 624.1 provides in pertinent part:

(a) Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered by qualified personnel and with equipment approved by the secretary at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor. Qualified personnel means a physician or a police officer who has received training in the use of such equipment in a training program approved by the secretary. If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may sus-

The Department of Transportation, Bureau of Traffic Safety, suspended Heresko's license for six months. Heresko appealed to the Court of Common Pleas of Chester County, averring that he "should not be subject to a suspension." The lower court, however, disagreed, and it affirmed the suspension.

Heresko has appealed to this Court, contending that the Commonwealth did not meet its burden of proof before the court below because it did not offer evidence that the breathalyzer test would have been administered by a qualified person using authorized equipment. We agree with the court below that such an offer is not necessary.

We have previously held that, in order to sustain a license suspension under Section 624.1, the Commonwealth must prove that (1) the defendant was placed under arrest and (2) charged with the operation of a motor vehicle while under the influence of intoxicating liquor, that (3) he was requested to submit to a breathalyzer test, and that (4) he refused to do so. *Bureau of Traffic Safety v. Drugotch,* 9 Pa. Commonwealth Ct. 460, 308 A.2d 183 (1973); *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). In *Boyle v. Bureau of Traffic Safety,* 19 Pa. Commonwealth Ct. 22, 339 A.2d 834 (1975), we held that whether the test would have been administered by qualified personnel on approved equipment is not at issue where the test has been refused. Once the requirements in *Miles, supra,* have been met, the defendant's license may properly be suspended. Since

pend his license or permit to operate a motor vehicle or tractor with or without a hearing. Any person whose license or permit to operate a motor vehicle or tractor is suspended under the provisions of this act shall have the same right of appeal as provided for in cases of suspension for other reasons.

we find both that *Boyle* controls and that the four requirements for sustaining a license suspension have been met, we must uphold the suspension.

Order affirmed.

ORDER

AND Now, this 9th day of February, 1977, the order of the Court of Common Pleas of Chester County, dated October 10, 1975, is affirmed.