## William H. Haag, Appellant v. Commonwealth of Pennsylvania, Appellee.

Argued March 5, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Martin J. Cunningham, Jr.,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellee.

OPINION BY JUDGE CRAIG, April 16, 1982:

William H. Haag appeals from an order of the Secretary of Transportation suspending his motor vehicle operating privileges for six months, pursuant to then applicable Section 624.1(a) of The Vehicle Code of 1959,[1] for refusal to submit to a breathalyzer test; the Court of Common Pleas of Bucks County dismissed an appeal of that suspension and granted a supersedeas pending our decision upon appeal.

The record shows that on March 18, 1976, a township police officer arrested William Haag and charged him with operating a motor vehicle while under the influence of alcohol, after he failed a field sobriety test. At the local police station, when requested to take a breathalyzer test, he refused.

Thus, as required to sustain a license suspension under Section 624.1(a),[2] the Commonwealth has

---

[1] Act of April 29, 1958, P.L. 58, *as amended,* added by Section 1 of the Act of July 28, 1961, P.L. 918, *formerly* 75 P.S. §624.1(a), repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in The Vehicle Code, 75 Pa. C. S. §1547(b)(1).

[2] Section 624.1 provides in pertinent part:

(a) Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his

proved that the driver was (1) placed under arrest, (2) charged with the operation of a motor vehicle while under the influence of intoxicating liquor, (3) requested to submit to a breathalyzer test, and (4) that he refused to do so. *Commonwealth v. Heresko,* 28 Pa. Commonwealth Ct. 508, 510, 368 A.2d 1357, 1359 (1977).

In light of such proof, appellant's interrogatories to the Director of the Bureau of Traffic Safety—relating to his consideration of the suspension determination—were irrelevant to the case. Judge MIMS' refusal to enforce answers to such interrogatories was therefore quite proper.

The appellant further contends that the statute is unconstitutional in that it contains an open-ended penalty period. The six-month suspension for a "refusal to submit to a chemical test" is stated in the department's standard schedule of suspensions.[3]

Since *Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65 (1936), our courts have held that suspension of licenses is an administrative function constitutionally delegated by the legislature in allowing the Secretary to determine periods of suspension. Administrative adherence to a uniform suspension period for this offense, by following the regulation, has assured fairness.

Accordingly, we affirm the sound decision of Judge MIMS.

---

consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood : . . . If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing.

[3] 4 Pa. B. 326 (1974).

## ORDER

Now, April 16, 1982, the order of the Court of Common Pleas of Bucks County, No. 76-5365-10-6, dated October 19, 1978, dismissing appellant's appeal, is affirmed.