693 P.2d 966

**Edward HALLOWAY, Petitioner-Appellant,**

**v.**

**Juan MARTIN, Director of Motor Vehicle Division, Arizona Department of Transportation, Respondent-Appellee,**

**and**

**STATE of Arizona, Real Party In Interest-Appellee.**

**No. 1 CA–CIV 7412.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 25, 1984.

Review Denied Jan. 22, 1985.

---

Samuel L. Costanzo, Phoenix, for petitioner-appellant.

Robert K. Corbin, Atty. Gen. by Richard Kamps, Asst. Atty. Gen., Transp. Div., Phoenix, for respondent-appellee and real party in interest-appellee.

## OPINION

GREER, Judge.

■ The issue in this case is whether, under the implied consent law, the state must prove that a breath test, even though refused, was in compliance with statutory and Department of Health Services standards before ordering a license suspension. We hold that such proof is not necessary and affirm the suspension decision.

The facts are undisputed. On September 17, 1982, a Department of Public Safety Officer observed the appellant weaving and exceeding the speed limit on I–17 in the city of Phoenix. The appellant was stopped, and the officer thereafter detected the odor of alcohol and gave the appellant a field sobriety test. In the opinion of the officer, the appellant failed the test. He was then arrested and taken to a DPS station at McDowell Road and the Black Canyon Freeway, where he was asked if he would submit to an intoxilizer test. After having been advised of the implied consent law, he refused to take the test.

On November 9, 1982, an order was issued which suspended the appellant's driving privileges for one year. The appellant then requested and received a Motor Vehicle Department hearing. The hearing officer found reasonable grounds to believe the petitioner was in control of a motor vehicle while under the influence of intoxicating liquor, that the individual was placed under arrest, and that he had refused to submit to the offered breath test. There was no evidence presented at the hearing to show that the test would have been performed according to methods approved by the Department of Health Services or that the officer who would have administered the test had a valid DHS permit, nor was there evidence of participation by the Department of Public Safety in a "quality assurance program," or use of a Department of Health Services check list designed to assure uniformity of procedures and results. The hearing officer ordered the driving rights of the appellant suspended for a twelve month period beginning in February, 1983.

After the appellant's request for rehearing was denied, he filed a complaint for special action. An order to show cause hearing was held in superior court, and both counsel submitted memoranda addressing the validity of the breath test, the principal issue raised in the complaint for special action. Attached to the state's memorandum was an exhibit purporting to show that the Department of Public Safety had complied with the applicable statutes and DHS regulations. Specifically, the state's exhibit asserted that, at the time the test was offered to the appellant, DPS had a quality assurance program in effect and that its intoxilizer procedures were approved by the Department of Health Services. On March 23, 1983 the superior court denied the relief to the petitioner and signed the order of suspension.

Arizona Revised Statutes § 28–691(E) sets forth the scope of the implied consent suspension hearing. It includes the requirement that the hearing officer find the person arrested "refused to submit to the test." "Test," as used in that subsection, is defined in subsections (A) and (B) of § 28–691. Subsection (B) requires that a violator be requested to "submit to any test prescribed by subsection (A)...." Subsection (A) reads, in part, "any person who operates a motor vehicle within this state gives consent, *subject to the provisions of § 28–692*, to a test or tests of his blood, breath, or urine...." (emphasis added).

Under A.R.S. § 28–692(G), any such analysis is not valid unless it is "performed according to methods approved by the de-

partment of health services...." According to appellant, the test administered in September of 1982 was not valid because it was not performed according to methods approved by the Department of Health Services. Thus, a "refusal to submit to *the test*" was not proven, and the suspension was improper.

█ Petitioner's argument is premised upon the decision of the supreme court in *Fuenning v. Superior Court,* 139 Ariz. 590, 680 P.2d 121 (1983). According to appellant, there was no evidence to show that the intoxilizer offered in September of 1982 was valid according to the standards set forth in *Fuenning.* We do not reach the issue of whether or not the certificate of approval submitted by the state complies with *Fuenning.* In our opinion, evidence of test validity is not relevant in a license suspension hearing.

As A.R.S. § 28–691 indicates, the scope of the implied consent suspension hearing is a limited one. *Martin v. Superior Court,* 135 Ariz. 258, 660 P.2d 859 (1983). Specifically, § 28–691(E) requires the hearing to cover the following issues: (1) "whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor," (2) "whether the person was placed under arrest" (3) "whether he refused to submit to the test."

Clearly, the validity of a test refused is not relevant in determining suspension under the implied consent statute. That issue does not arise until a test is *given* and the results are offered as evidence.

█ In this case, the hearing officer found that the appellant was offered the breath test, that he refused to take the

test, and that he was warned of and understood the ramifications of his refusal to take the test. In our opinion, these findings are sufficient to uphold the lower court's order of suspension.

Our conclusion is supported by several other jurisdictions. In *Bell v. Department of Motor Vehicles,* 6 Wash.App. 736, 496 P.2d 545 (1972), for example, an individual sought review of a license suspension order, arguing that the state could not revoke his driving privileges absent proof that the statutory requirements for performance of the test had been met. Specifically, the appellant argued that the state should be required to show that the operator of the machine was properly qualified. The Washington Court of Appeals, however, found the issue of qualifications irrelevant to a suspension hearing. The court stated, "the issue ... does not arise until a test is made and the results thereof are offered as evidence against the driver."

In *Woolman v. State Department of Motor Vehicles,* 15 Wash.App. 115, 547 P.2d 293 (1976), the same court held that proof that a breathalyzer machine was functioning properly was also not relevant in an implied consent suspension hearing.[1]

A Pennsylvania appellate court reached a similar result in *Commonwealth v. Heresko,* 28 Pa.Cmwlth. 508, 368 A.2d 1357 (1977). In that case, the defendant argued that the State of Pennsylvania was required to show, in a suspension hearing, that the breathalizer test refused would have been administered by a qualified person using authorized equipment. The court disagreed, stating, "[W]hether the test would have been administered by qualified personnel on approved equipment is not at issue where the test has been refused." 368 A.2d at 1359.

---

1. Washington's implied consent laws are almost identical to the Arizona statutory scheme. RCWA 46.20.308 states, in part:
   The scope of such hearing for the purposes of this section shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a

   motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, whether the person was placed under arrest and whether he refused to submit to the test upon request of the officer after having been informed that such refusal would result in the revocation or denial of his privilege to drive.

We find the rationale of these cases correct. The statutory compliance or validity of the test is not at issue where the only question is the refusal to take such test. In holding that such evidence was irrelevant, we express no opinion on the question of whether or not the material supplied by the Department of Public Safety at the superior court hearing would have complied with requirements set forth in *Fuenning*.

Accordingly the order is affirmed.

KLEINSCHMIDT, P.J., and FROEB, J., concur.