507 A.2d 919

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Gary Andreoli, Appellee.

Submitted on briefs December 12, 1985, to Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Fred M. Feder,* for appellee.

OPINION BY JUDGE BARRY, April 14, 1986:

This appeal results from an order of the Philadelphia County Court of Common Pleas which reversed the order of the Pennsylvania Department of Transportation (DOT) suspending the motor vehicle operating privileges of Gary Andreoli (appellee).

The appellee was stopped by the Department of Defense police in the vicinity of the Philadelphia Naval Base, after being observed going through a red light. After detecting the odor of liquor on the appellee's breath, appellee was arrested and charged with driving while under the influence of alcohol. At the police station appellee refused to take a breathalyzer test, ignoring warnings from Officer McCarthy, the test administrator, that failure to submit to the analysis would result in loss of his license for a year.

Pursuant to section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b), DOT thereafter suspended appellee's license due to his refusal to accede to the test. Appealing the suspension in the trial court, the claimant testified that he was too inebriated to recall whether he had refused the test, asserting in turn that he was thus in no condition to make a proper decision on the matter. At the same hearing the arresting officer testified that while the appellee was behaving wildly, he did appear to be aware of his circumstances.

Near the close of the same hearing, the trial court judge directed DOT to submit to him the certification of Officer McCarthy as a trained breathalyzer administrator. The direction was given pursuant to appellee's assertion that, if the officer was unqualified under the applicable requirements, "Officer McCarthy had absolutely no right to request Mr. Andreoli to take the breathalyzer examination." Although counsel for DOT assured the Court that such certification would be forthcoming, after some ten months no document had been

received. Following a request from appellee, the trial judge sustained the latter's appeal, and rescinded DOT's suspension order. DOT then filed a motion for reconsideration, attached to which was the requested certification, but of one Lt. John Henderson, Officer McCarthy's instructor, rather than that of Officer McCarthy himself. The court thereafter reinstated its order, stating "that it would be inequitable to accept the Commonwealth's proof of the certifications ... almost a year after they had been requested." It is from this order that DOT has appealed.

Our scope of review in the present case is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the trial court decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Mumma*, 79 Pa. Commonwealth Ct. 108, 109 n.1, 468 A.2d 891, 892 n.1 (1983). Pursuant to this review standard and in view of the facts before us, we reverse.

Two points compel this result. First, while DOT's maladroitness in complying with the court's request[1] for the involved certification must certainly have been vexing, the sought-out documentation has no bearing in any case on the issue of whether a breathalyzer test may be refused. Indeed, once the refusal has occurred, the adequacy of the machine itself is not in issue; the qualifications of its operator must therefore be of equal insignificance. *See Budd Appeal*, 65 Pa. Commonwealth Ct.

---

[1] On the record in front of us it cannot be detected whether the request was *ever* met with compliance. The documents submitted, as we have stated, demonstrate only that Officer McCarthy's *instructor* was qualified to operate the machine. How this administrative miscarriage resulted has not been elucidated by DOT in its brief.

314, 319, 442 A.2d 404, 406 (1982) ("We need not concern ourselves with the question of the operability of the breathalyzer equipment, for, once the test has been refused, the suitability of the machine is not an issue.") *See also Commonwealth v. Heresko,* 28 Pa. Commonwealth Ct. 508, 510, 368 A.2d 1357, 1359 (1977). As appellee's refusal was the matter in question before the trial court, the trial judge erred in reversing the suspension based upon failure to produce information which in the end would be irrelevant.

The appellee also contends that he was too intoxicated "to make a decision about taking [the] breathalyzer." (R. at 13). While the testimony was conflicting with respect to appellee's coherence, the argument advanced has been conclusively rejected as a basis for refusing to submit to a breathalyzer test. *Mumma,* 79 Pa. Commonwealth Ct. at 112, 468 A.2d at 893 (rejecting licensee's argument that "due to his inebriated state, he did not possess his 'full facilities' [sic]" and thus should not be deemed to have unlawfully refused to submit to tests). *See also Walthour v. Department of Transportation,* 74 Pa. Commonwealth Ct. 53, 54-55, 458 A.2d 1066, 1067 (1983). This second argument is thus of no avail to the appellee.

Normally, where, as here, a trial judge has failed to arrive at a factual finding essential to a determination of whether a breathalyzer test has been legitimately refused, we would, mindful that fact-finding is not within our province, remand to remedy the inadequacy. *Cf. Schleiker v. Department of Transportation, Bureau of Traffic Safety,* 76 Pa. Commonwealth Ct. 18, 18, 463 A.2d 86, 86 (1983). In this case, however, unlike in *Schleiker,* the fact of appellee's refusal to submit to the test has *never* been contested, and his legal argument in defense of that refusal is therefore meritless. DOT has proven what it must in order for the suspension to be

sustained. *Heresko,* 28 Pa. Commonwealth Ct. at 510-11, 368 A.2d at 1358-59. Reversed.

ORDER

Now, April 14, 1986, the order of the Philadelphia County Court of Common Pleas, dated August 23, 1984, is reversed, and the suspension imposed by the Department of Transportation is reinstated.