Albert **MALVEAUX**, Plaintiff-Appellant,

v.

**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION,** Defendant-Appellee.

**No. 85CA0410.**

Colorado Court of Appeals, Div. II.

Sept. 18, 1986.

Holder & St. Clair, Scott A. St. Clair, Boulder, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendant-appellee.

VAN CISE, Judge.

Albert Malveaux appeals from the judgment of the district court affirming an order of the Motor Vehicle Division of the Department of Revenue (Department) revoking his driver's license. We affirm.

Malveaux was stopped by an Erie police officer for ignoring a stop sign. After observing Malveaux perform roadside sobriety maneuvers, the officer placed him under arrest and requested Malveaux to submit to a chemical alcohol test. Malveaux requested that he be given a blood test, and he was taken to the Lafayette Police Department for this purpose.

The arresting officer requested Malveaux to sign a release for the withdrawal of a blood sample by the Lafayette Police blood technician. Malveaux refused to sign until he was shown the technician's "customary identification" or "certification number". He was advised that although no such identification or number existed, the blood technician was certified to draw blood. He was further advised that his refusal to sign the waiver would be considered a refusal of the blood alcohol test, and was alternatively offered a breath test, which he also refused.

Subsequently, at a license revocation hearing pursuant to § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17), the blood technician appeared and testified she was licensed as a medical technologist by the American Board of Clinical Pathologists. The hearing officer concluded the technician was qualified to draw blood and that Malveaux had refused the blood alcohol test. The hearing officer thereupon revoked Malveaux's driver's license for a period of one year.

Malveaux thereafter sought judicial review of the revocation. The district court ruled that the blood technician was not qualified to draw blood under § 42–4–1202(3)(b), C.R.S. (1984 Repl.Vol. 17). Nevertheless, the court affirmed the Department's order, reasoning that the revocation would be improper only if the blood test was actually administered and the technician was not qualified.

On appeal, Malveaux argues that inasmuch as the police failed to provide a properly certified technician, his refusal to submit to the test became moot and cannot be made the basis of a revocation order. We disagree.

Having refused *both* tests, Malveaux is in no position to complain about the statutory qualifications of the technician. There is no statutory authority or exception excusing Malveaux's refusal, nor are the police required, prior to the revocation hearing, to establish the statutory qualifications of the technician to a driver's satisfaction when requesting a chemical test. *See Vigil v. Motor Vehicle Division,* 184 Colo. 142, 519 P.2d 332 (1974); *see also Halloway v. Martin,* 143 Ariz. 311, 693 P.2d 966 (1984); *Commonwealth v. Heresko,* 28 Pa.Commw. 508, 368 A.2d 1357 (1977).

Judgment affirmed.

SMITH and KELLY, JJ., concur.