520 A.2d 919

Barry L. Bender, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs November 21, 1986, to Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*T. Max Hall, McNerney, Page, Vanderlin & Hall,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, February 4, 1987:

Dr. Barry L. Bender (Appellant) appeals an order of the Clinton County Court of Common Pleas which dismissed his appeal of an order of the Department of Transportation (Department) and reinstated the suspen-

sion of his operating privileges which had been imposed under Section 1547(b) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1547(b). We affirm the court of common pleas.

On August 5, 1984, Appellant was arrested for driving under the influence by Sgt. J. C. Frazier of the Lock Haven City Police Department. He was transported to the police station where he was asked to submit to a breathalyzer test or a blood test. Sgt. Frazier informed Appellant that refusal to submit would result in a one-year suspension of his operating privileges.

Appellant refused to submit to either test, screaming that he hated all cops, that they were crooked and that he would not receive a fair test.

Sgt. John Frazier, a qualified breathalyzer operator, was called in to administer the breath test should Appellant assent, and he again informed Appellant of the consequences of his refusing to submit. Appellant was also told that a blood test could be performed at the hospital in which he was employed. Appellant again refused both tests.

As a result of Appellant's refusal to submit, the Department suspended his operator's license for one year pursuant to Section 1547(b). Appellant's appeal of this determination was dismissed by the court of common pleas and his suspension reinstated. Appellant's appeal of the order of the court of common pleas is now before us.

Appellant argues that his refusal to submit to the breath test was justified because due to a prior incident involving himself and Sgt. *J. C.* Frazier,[1] his first cousin

---

[1] According to Appellant, his wife was, in 1981, seeing a former Clinton County District Attorney. This relationship caused domestic conflicts and on one particular occasion Sgt. J. C. Frazier was called to appellant's home to investigate a disturbance. Crimi-

Sgt. *John* Frazier could not be trusted to administer a fair test without altering the breathalyzer results.[2] Appellant reasons that because he expressed these concerns at the time the test was offered, the officers had a duty to reassure him by explaining the operation of the breathalyzer and allowing him to witness the procedure to guarantee impartiality, fairness and accuracy. We cannot accept this argument.

A trial court's decision in a license suspension case, first of all, cannot be disturbed unless its findings are not supported by competent evidence, erroneous conclusions of law have been made, or the decision exhibits a manifest abuse of discretion. *Bruno v. Department of Transportation,* 54 Pa. Commonwealth Cts. 353, 422 A.2d 217 (1980). Further, questions of credibility and conflicts in the evidence are for the trial court to resolve. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

In this case, the trial court accepted as credible the testimony of Sgt. J. C. Frazier that there was no animosity between him and Appellant which would affect his ability to administer an impartial breathalyzer test.

---

nal charges were brought against Appellant as a result of this incident.

Appellant testified before the trial court in the instant proceeding that both his attorney and his probation officer were told by Sgt. J. C. Frazier in 1981 that he would perjure himself and not reveal the fact that he had observed the D. A.'s car in front of Appellant's home on numerous occasions, information which Appellant believed would be helpful in a divorce action. Notes of Testimony (N.T.) from February 5, 1985 at 38-39. Sgt. J. C. Frazier denied making this statement and Appellant's attorney and probation officer have no recollection of being so informed. N.T. at 25-28, 32.

[2] Appellant testified that he did not trust Sgt. John Frazier because, in his words, "blood is much thicker than anything else." N.T. at 40.

Even though the test was to be administered by Sgt. J. C. Frazier's first cousin, the court was satisfied that the results could not have been falsified by either one. The Court concluded that Appellant failed to establish any legal justification for refusing to submit to a test and we agree.

As the Department submits in its brief to this Court, the proper avenue for Appellant to have followed if he did doubt the integrity of Sgts. J. C. and John Frazier would have been to submit to the breathalyzer and challenge the results on appeal to the court of common pleas. This Court has long recognized that consideration of whether or not a breath test would have been administered with approved equipment by qualified personnel is a valid issue only after the test has been administered. *Boyle v. Department of Transportation, Bureau of Traffic Safety,* 19 Pa. Commonwealth Ct. 22, 339 A.2d 834 (1975). Once the test has been refused, the adequacy of the machine and its operator is irrelevant. *See Department of Transportation, Bureau of Driver Licensing v. Andreoli,* 96 Pa. Commonwealth Ct. 345, 507 A.2d 919 (1986); *Commonwealth v. Heresko,* 28 Pa. Commonwealth Ct. 508, 368 A.2d 1357 (1977).

We conclude that this rule operates in the instant case to vitiate Appellant's asserted justification for his refusal to submit. To avoid the mandatory one-year suspension under Section 1547(b), Appellant must therefore establish that he was either physically unable to take the test or that he was incapable of making a conscious and knowing refusal. *Budd Appeal,* 65 Pa. Commonwealth Ct. 314, 442 A.2d 404 (1982). Appellant presents no evidence of inability or incapacity and cites no authority under which we could accept his proffered justification based on his distrust of the Fraziers. Because Appellant refused the breath test, he cannot now challenge the veracity of the operator.

Finally, we note that Appellant was offered a blood test to be taken at his place of employment. This would have been a reasonable alternative for Appellant given his apprehension of submitting to the breath test. He refused the blood test, however, because he was taking prescription medication which he believed would affect the results. We agree with the trial court that this provides no justification for refusing the test, but would be a factor to be pursued after the testing to challenge the results.

We accordingly affirm the court of common pleas' order dismissing Appellant's appeal and reinstating his one-year license suspension for refusal to submit to a breath or blood test.

### ORDER

The order of the Clinton County Court of Common Pleas in the above-captioned proceeding is affirmed.