530 A.2d 1009

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Indra Lielkajs, Appellee.

Submitted on briefs June 8, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel for appellant.

*Andrew B. Shaw, Coco, Feiner & Citron,* for appellee.

OPINION BY JUDGE BARRY, September 3, 1987:

The Commonwealth of Pennsylvania, Department of Transportation (DOT), appeals from an order of the

Court of Common Pleas of Philadelphia County sustaining the appeal of Indra Lielkajs (appellee) from a one year suspension of her operating privileges. We reverse.

At 3:05 a.m. on April 15, 1984, the appellee was involved in an automobile accident in which she received a bruise on her forehead. She was arrested for driving under the influence of alcohol, taken to a Philadelphia County Police Station and placed in a holding cell. At 5:30 a.m. a police officer requested the appellee to submit to a breathalyzer test. The appellee refused.

DOT suspended the appellee's operating privileges for a violation of Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). In sustaining the appellee's appeal, the trial court opined that she was unable to consciously refuse or consent to a breathalyzer test as a result of the head injury. The trial court formed this opinion after taking testimony from both the officer and the appellee. It found both witnesses credible, the appellee more so.

"Our scope of review in the present case is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the trial court decision demonstrates a manifest abuse of discretion." *Department of Transportation, Bureau of Driver Licensing v. Andreoli,* 96 Pa. Commonwealth Ct. 345, 347, 507 A.2d 919, 921 (1986). DOT contends that the trial court's findings are not based on competent evidence as it allowed the appellee's self-serving and unsupported testimony to be considered competent medical evidence to prove she was incapable of making a knowing and conscious refusal to submit to chemical testing. We agree.

To sustain a license suspension under Section 1547(b) of the code, the initial burden is on the Commonwealth to establish that the driver involved "(1) was arrested for driving while under the influence of alco-

hol, (2) was asked to submit to a breathalyzer test, (3) refused to do so, and (4) was specifically warned that a refusal would result in the revocation of his driver's license." *Everhart v. Commonwealth*, 54 Pa. Commonwealth Ct. 22, 26, 420 A.2d 13, 15 (1980). The Commonwealth met this burden through the testimony of the arresting officer. Therefore, the appellee must prove by competent evidence she was not capable of making a knowing and conscious refusal. *Ford v. Department of Transportation, Director of Bureau of Traffic Safety*, 45 Pa. Commonwealth Ct. 268, 406 A.2d 240 (1979). The appellee testified that she had received a blow to her forehead, that the effect of this injury rendered her unconscious from 3:05 a.m. to 7:30 a.m., and that she was unaware of the attempt to administer chemical testing. She also testified that she did not seek or receive medical attention for one week. She did not present any evidence from a doctor, but, only her unsupported and self-serving statements. The police officer testified that the appellee was covered with vomit, that she had to be assisted into the test room, that she appeared to be coherent and that she responded to his questions. "[W]hen a motorist does not suffer from any *obvious inability* to comply with an officer's request to submit to a blood alcohol test, a finding that he or she was physically unable to make a knowing and conscious refusal must be supported by competent medical evidence." *Department of Transportation, Bureau of Traffic Safety v. Gordon*, 95 Pa. Commonwealth Ct. 546, 549, 505 A.2d 1125, 1126 (1986) (emphasis added). *See also Department of Transportation, Bureau of Traffic Safety v. Michalec*, 52 Pa. Commonwealth Ct. 89, 415 A.2d 921 (1980), *Department of Transportation, Bureau of Traffic Safety v. Dauer*, 52 Pa. Commonwealth Ct. 571, 416 A.2d 113 (1980).

Our review of the record does not disclose competent medical evidence to support the trial court's findings. The appellee's self-serving, unsupported statements that she was unconscious does not constitute competent medical evidence. *Department of Transportation, Bureau of Traffic Safety v. Struzzeri,* 95 Pa. Commonwealth Ct. 12, 504 A.2d 961 (1986).

The order of the trial court is reversed and the decision of DOT to suspend the appellee's license for one year is reinstated.

ORDER

NOW, September 3, 1987, the order of the Philadelphia County Court of Common Pleas, dated October 2, 1984, at No. 3958 May 1984, is reversed.