538 A.2d 611

Peter Robert Hanuszczak, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, Appellee.

Submitted on briefs December 14, 1987, to Judges MACPHAIL, DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Sheldon C. Jelin,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, February 29, 1988:

Peter Robert Hanuszczak (Appellant) appeals an order of the Philadelphia County Court of Common Pleas denying an appeal of a Department of Transportation (Department) order suspending Appellant's operating privilege for one year pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). For the reasons set forth below, we vacate the trial court's order and remand for additional findings.

On May 5, 1985, Appellant's vehicle was observed by a Philadelphia police officer weaving in and out of traffic, without signalling, at an excessive rate of speed. When the officer pulled Appellant over, he observed that Appellant smelled of alcohol and was uncoordinated. Appellant was placed under arrest for driving under the influence and transported to the police station.

According to the testimony before the trial court, Appellant was asked to take a breathalyzer test and was told that if he refused he would lose his driver's license. Notes of Testimony (N.T.) at 12. Appellant refused the breath test, and his refusal was witnessed by two officers. N.T. at 13.

As a result of Appellant's refusal to submit to the breathalyzer, the Department suspended his operating privilege, to be effective June 24, 1985. Appellant appealed the suspension to the court of common pleas, and a *de novo* hearing was held November 27, 1985. By order entered March 21, 1986, the trial court denied Appellant's appeal and reinstated the Department's suspension order. Appellant's appeal of this order is now before us for disposition.[1]

Appellant's first argument on appeal is that he did not receive proper warning of the consequences of his

---

[1] The appeal, originally filed with the Superior Court, was transferred to this Court pursuant to Section 5103 of the Judicial Code, 42 Pa. C. S. §5103.

refusal to submit to the breathalyzer. Of course, to sustain the suspension of Appellant's operating privilege, the Department must prove that he 1) was placed under arrest for driving while under the influence of alcohol; 2) was asked to submit to a breathalyzer test; 3) refused to do so; and 4) was specifically warned that his license would be revoked if he refused to take the test. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

Appellant argues that there was insufficient evidence before the trial court to establish that he received the warnings because the breathalyzer operator had no recollection of Appellant, personally, and no independent recollection of warning Appellant of the consequences of his refusal. We do not agree.

As noted by the trial court, the breathalyzer operator testified that he always followed a set procedure in administering the breath test, which included informing a driver of the consequences of his refusal to submit. The operator testified that according to his notes, on this particular occasion he did inform Appellant that he would lose his operating privilege if he refused to submit to the breath test. *See* N.T. at 18-20.

Appellant claims, to the contrary, that he was never warned that he would lose his driver's license for a year if he did not submit to a breath test. According to Appellant's testimony, when he was placed in a holding cell following his refusal of the breathalyzer, he was told by others in the cell that he would lose his license. At that point, Appellant avers that he volunteered to take the breath test but was not permitted to do so.

The trial court, faced with this conflicting testimony, made a credibility determination in favor of the police officer and concluded that Appellant was properly warned of the consequences of his refusal to submit to the breathalyzer and that he did, in fact, refuse. Ques-

tions of credibility and conflicts in the evidence are, of course, for the trial court to resolve. *Bender v. Commonwealth*, 103 Pa. Commonwealth Ct. 485, 520 A.2d 919 (1987). Applying our limited scope of review,[2] we, accordingly, agree with the court that the Department did establish that Appellant was warned that his license would be suspended if he refused to submit to the breath test.

Appellant argues, additionally, that he was unable to render a conscious and knowing refusal of the breathalyzer when the test was offered because he was in a state of shock and confusion resulting from a head injury sustained after he was arrested.[3] We recognize that once the Department proves that a licensee refused a breath test, the burden shifts to the licensee to prove by competent evidence that he was unable to make a knowing and conscious refusal. *Ford v. Department of Transportation, Bureau of Traffic Safety*, 45 Pa. Commonwealth Ct. 268, 406 A.2d 240 (1979). Whether or not the licensee has satisfied this burden is a factual determination to be made by the trial court. *Waigand*.

In the case before us, the trial court made no finding on whether Appellant was capable of making a knowing and conscious refusal of the breathalyzer, although Ap-

---

[2] Our scope of review in a license suspension case is limited to a determination of whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Andreoli*, 96 Pa. Commonwealth Ct. 345, 507 A.2d 919 (1986).

[3] According to Appellant, he fell over in the police van because he was handcuffed behind his back and lost his balance due to the fact that the vehicle was being driven erratically. *See* N.T. at 30-31. Appellant sustained a laceration over his left eye and was transported to a hospital where he received four stitches.

88

pellant did raise the issue in his petition for appeal before the court. Without a factual finding by the trial court on whether Appellant satisfied his burden of proof, we cannot perform our appellate review. Accordingly, we must remand this matter to the court of common pleas for the limited purpose of resolving the issue of whether Appellant met his burden of proving by competent evidence[4] that he was unable to make a knowing and conscious refusal.

ORDER

The order of the Philadelphia County Court of Common Pleas in the above-captioned proceeding is vacated and the matter remanded for additional findings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

[4] We note that, if Appellant did not suffer from any *obvious* inability to comply with the request to submit to the breath test, a finding that he was physically unable to make a knowing and conscious refusal must be supported by competent *medical* evidence. *See Department of Transportation, Bureau of Driver Licensing v. Lielkajs,* 109 Pa. Commonwealth Ct. 148, 530 A.2d 1009 (1987).