542 A.2d 225

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Steven Pete Georgiadis, Appellee.

Submitted on briefs February 11, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Harold Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

564

Opinion by Judge McGinley, June 6, 1988:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation (DOT) from the Order of the Court of Common Pleas of Beaver County (trial court) dated November 30, 1984, which sustained the appeal of Steven Pete Georgiadis (Georgiadis) from the revocation of his operating privilege for an additional period of six months; under Section 1543(c) of the Vehicle Code (Code), 75 Pa. C. S. §1543(c).

Georgiadis was cited for a violation of Section 1543 of the Code on March 29, 1981, for which he was convicted on March 14, 1984. Georgiadis pled guilty to the charge of driving under suspension before a District Justice and set up a payment of his fine on an installment basis. After receipt of a record of conviction from the District Justice DOT sent official notice of revocation to Georgiadis dated and mailed May 10, 1984, effective June 14, 1984. Georgiadis' subsequent appeal to the trial court was sustained. DOT now appeals to our Court.

On appeals involving the suspension of motor vehicle operating privileges our scope of review is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Bureau of Driver Licensing v. Lielkajs,* 109 Pa. Commonwealth Ct. 148, 530 A.2d 1009 (1987).

The trial court sustained Georgiadis' appeal relying upon a manual known as the "District Justices Office Procedures Manual"[1] (Manual), issued by the Administrative Office of Pennsylvania Courts. The trial court cited the Manual extensively and interpreted the Man-

---

[1] Issued by the Administrative Office of the Pennsylvania Courts in August of 1980 and amended in 1983.

ual as requiring the district justices to transmit notice of guilty dispositions to the Bureau of Traffic Safety by the fifteenth day of the month after which they were entered. The trial court concluded that the Manual directives were not followed, that the procedures were mandatory, and that Georgiadis' conviction was not timely certified to DOT. The trial court then reasoned that DOT had a "reasonable amount of time" from the date it should have received the certification in which to notify Georgiadis of his license suspension.

In *Department of Transportation, Bureau of Traffic Safety v. Parr*, 56 Pa. Commonwealth Ct. 203, 205, 424 A.2d 604, 605 (1981) we stated:

> The Department correctly argues that the lower court erred because the delay in issuing the notice was caused by the District Justice's failure to notify the Department of the conviction for seventeen months. Even if the Department somehow knew of Parr's conviction, it could not act until it received a certified record of his conviction. 75 Pa. C. S. §1532(b). We have held that no delay can be chargeable to the Department before it is in receipt of the certification of conviction.

The trial court held that the directive and procedures promulgated in the Manual invalidated the heretofore recognized distinction between judicial delay and administrative delay. However, this Court has consistently held that in the context of suspensions imposed for convictions under the Code, 75 Pa. C. S. §101-9910, a "delay cannot be chargeable to DOT before the Department is in receipt of the certification of conviction." *Department of Transportation, Bureau of Driver Licensing v. Kazil*, 97 Pa. Commonwealth Ct. 151, 152, 510 A.2d 148, 149 (1986). Georgiadis violated Section 1543 of the Code on March 29, 1981, pled guilty and

set up a payment schedule with the District Justice which he did not consistently adhere to and therefore did not complete full payment of his fine until March 14, 1984. As a result, the District Justice did not certify the record of Georgiadis' conviction to DOT until sometime in March or April 1984. Upon receipt of Georgiadis' record of conviction DOT sent official notice of revocation on May 10, 1984, approximately two months after receipt of Georgiadis' record of conviction. This was *not* an unreasonable delay on the part of DOT.[2] Accordingly, we conclude that the six-month suspension of Georgiadis' operating privileges was properly imposed.

Order reversed.

## ORDER

Now, June 6, 1988, the Order of the Court of Common Pleas of Beaver County, No. 742 of 1984 dated November 30, 1984, is reversed, and the six-month suspension of Steven Pete Georgiadis' operating privileges imposed by the Department of Transportation, Bureau of Traffic Safety, is reinstated.

---

[2] This Court has held that a five month delay between forwarding of notice of conviction to DOT and suspension of driver's license was not unreasonable delay in view of the volume of citations handled by DOT. *Department of Transportation v. Russo*, 96 Pa. Commonwealth Ct. 187, 506 A.2d 1349 (1986).