570 A.2d 644

**Walter KOSTYK, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1989.

Decided Feb. 23, 1990.

Jon J. Auritt, with him, Elisabeth R. Aaron, Auritt & Daly, for appellant.

Harold H. Cramer, Asst. Chief Counsel, with him, David R. White, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellee.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

SMITH, Judge.

Walter J. Kostyk (Appellant) appeals from a decision of the Court of Common Pleas of Delaware County which upheld the Department of Transportation's (DOT) suspension of his license pursuant to Section 1547 of the Vehicle Code, 75 Pa. C.S. § 1547 for failure to submit to a blood alcohol test following his arrest for driving while under the influence of alcohol. The trial court's decision is affirmed.

■ An officer of the Eddystone Police Department observed Appellant on January 30, 1988 at 2:45 a.m. driving a motor vehicle over a curb and swerving to the right. The officer stopped Appellant and upon detecting an odor of alcohol, slurred speech, bloodshot eyes, poor balance and slow movements, administered field sobriety tests. Appellant failed the field sobriety tests and was subsequently placed under arrest for driving under the influence of alcohol. The arresting officer transported Appellant to the police station where he informed Appellant of the implied consent law [1] and requested that Appellant submit to a

1. The implied consent law set forth at Section 1547 of the Vehicle Code provides in relevant part:

(a) **General rule**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

blood test since a breathalyzer was unavailable. While at the police station, Appellant agreed to take the test. Appellant was then taken for blood testing to Crozer–Chester Medical Center where he changed his mind several times and finally refused to take the blood test. Appellant's refusal resulted in the suspension of his license for twelve months. Having obtained no relief from the trial court, Appellant appeals to this Court.[2]

The issues before this Court are whether Section 1547 of the Vehicle Code violates the Fourth and Fourteenth Amendment to the United States Constitution as well as Art. I, § 8, of the Pennsylvania Constitution by allowing a police officer unfettered discretion in his or her choice of chemical tests (blood, urine or breath) and denying the driver the right to choose; whether the police officer should be required to request the driver to submit to the least intrusive method when the driver is cognizant of the choices available; and whether the Commonwealth must establish that the chemical test that would have been administered would have been performed in the statutorily mandated manner.

> (2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.
> (b) **Suspension for refusal**
> (1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.
> (2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.
> (3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

2. This Court's scope of review in driver's license suspension appeals is to determine whether findings of the trial court are supported by competent evidence; whether there has been an erroneous conclusion of law; or whether the trial court's decision represents an abuse of discretion. *Martino v. Commonwealth of Pennsylvania,* 116 Pa. Commonwealth Ct. 200, 541 A.2d 425 (1988).

Initially, Appellant argues that dicta found in *Schmerber v. California,* 384 U.S. 757, 760 n. 4, 86 S.Ct. 1826, 1830, 16 L.Ed.2d 908 (1966)[3] left unanswered the question of whether a police officer must respect a reasonable request (of a licensee) to undergo a different form of testing than that selected by the police officer. Appellant also recognizes this Court's decisions which hold that a licensee has no choice of tests and that the selection of a test is within the police officer's discretion. *See Pearson v. Commonwealth,* 122 Pa. Commonwealth Ct. 91, 551 A.2d 394 (1988); *Magill v. Commonwealth,* 104 Pa. Commonwealth Ct. 517, 522 A.2d 172 (1987). Nonetheless, Appellant suggests that the police officer employ a less intrusive means of testing the driver's blood alcohol level when so requested by the driver. The statute as written, Appellant contends, is unconstitutional under the Fourth and Fourteenth amendments to the United States Constitution as well as the Pennsylvania Constitution because use of the blood test is intrusive to an unnecessary and unwarranted degree where the driver has requested a breath test. Further, the less intrusive test would accommodate the legitimate governmental interest in detecting drunk drivers by the least possible infringement upon their constitutional rights. Appellant does concede that if a driver were incapable of performing the breath test, a urine or blood test would be appropriate.

Initially, this Court notes that the United States Supreme Court has upheld as constitutional the use of compulsory blood tests to test blood alcohol content. *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); *Schmerber.* In *South Dakota,* the Supreme Court upheld a

**3.** In *Schmerber,* the Supreme Court upheld the administration of a compulsory blood test finding no violation of Schmerber's Fourth amendment rights since the taking of blood was a minor intrusion, performed in a reasonable manner (at a hospital). The high court also noted that "such tests are a commonplace in these days of periodic physical examinations and experience with them teaches that the quantity of blood extracted is minimal, and that for most people the procedure involves virtually no risk, trauma, or pain." *Schmerber* at 771, 86 S.Ct. at 1836. *See also Breithaupt v. Abraham,* 352 U.S. 432, 436 n. 3, 77 S.Ct. 408, 411 n. 3, 1 L.Ed.2d 448 (1957) recognizing the routine blood test.

state statute similar to Section 1547 and stated that blood tests are so safe and painless that the state can legitimately compel a driver to take the test; and the right to refuse to take the test is a matter of grace bestowed by the legislature. This Court thus finds no distinctions in the Supreme Court holdings as argued by Appellant which would warrant a declaration that Section 1547 violates the United States Constitution nor does Appellant cite to this Court any cases in support of his contention.

Appellant next argues that Section 1547 violates the Pennsylvania Constitution by not employing the least intrusive testing available. Appellant loses sight of the fact that permission to operate a motor vehicle upon the highways of this Commonwealth is a privilege subject to such conditions as the legislature may see fit to impose. *Department of Transportation v. Wysocki*, 517 Pa. Commonwealth Ct. 175, 535 A.2d 77 (1987). Hence, the Commonwealth may regulate the use of its highways as long as the conditions bear a rational relationship to a legitimate state objective. *Sheakley v. Department of Transportation*, 99 Pa. Commonwealth Ct. 328, 513 A.2d 551 (1986), *appeal denied*, 515 Pa. 586, 527 A.2d 546 (1987). The objective of the implied consent law is to protect the public by providing an effective means of denying intoxicated motorists the privilege of using the highways of this Commonwealth and is a proper exercise of the Commonwealth's police power by the General Assembly. *Hando v. Commonwealth*, 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984).

Section 1547 was challenged in *Sheakley* as violative of due process and equal protection rights when the police officer failed to inform Sheakley of the availability of the ARD (Accelerated Rehabilitative Disposition) program prior to requesting her to take a breathalyzer test purportedly rendering her refusal unknowing and uninformed. Although the arguments were different, the reasoning in *Sheakley* may be applied here. This Court premised its rejection of Sheakley's arguments on the basis that the privilege of operating a motor vehicle is not entitled to strict

constitutional protection and that the legitimate state purpose to be protected was the prevention of alcohol-related traffic fatalities and injuries. Thus, Appellant has no constitutional right to refuse a test and moreover has no constitutional right to request a specific test. *Commonwealth v. Hipp*, 380 Pa. Superior Ct. 345, 551 A.2d 1086 (1988).

> [T]he proper function of the Fourth Amendment to the U.S. Constitution, as well as Art. 1, § 1 and Art. 1, § 8 of the Pennsylvania Constitution, is 'to constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner.'

*Id.*, 380 Pa. Superior Ct. at 354–355, 551 A.2d at 1090 (quoting *Schmerber*, 384 U.S. at 758, 86 S.Ct. at 1829). It is within the legislature's power to establish conditions for the use of the highways, and as such, this Court therefore finds no constitutional infirmities within Section 1547.

 Lastly, Appellant submits that in order for DOT to sustain its burden of proof in a license suspension appeal, it must prove that the chemical test required under Section 1547 would have been conducted by qualified persons using approved equipment, citing language from Section 1547(c).[4] In order to sustain its decision, DOT must prove that Appellant was arrested for driving under the influence; that the officer had reasonable grounds to believe Appellant was driving while intoxicated; that Appellant was requested to submit to a chemical test; and that Appellant refused to do so. *Ostrander v. Department of Transportation, Bureau of Driver Licensing*, 116 Pa. Commonwealth Ct. 243, 541 A.2d 441 (1988). In this case, Appellant refused to take the test, thus rendering irrelevant proof as to whether

4. Section 1547(c) provides in relevant part:
 (c) **Test results admissible in evidence**—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.

the test was conducted by a qualified person using approved equipment. *Department of Transportation, Bureau of Driver Licensing v. Andreoli,* 96 Pa. Commonwealth Ct. 345, 507 A.2d 919 (1986); *Boyle v. Department of Transportation, Bureau of Traffic Safety,* 19 Pa. Commonwealth Ct. 22, 339 A.2d 834 (1975). Moreover, Section 1547(c) of the Vehicle Code only applies in proceedings where test results will be admitted into evidence.

The record developed here unequivocally indicates that DOT has sustained its burden of proof and that Appellant's license suspension must be upheld. Accordingly, the decision of the trial court is affirmed.

## ORDER

AND NOW, this 23rd day of February, 1990, the decision of the Court of Common Pleas of Delaware County is affirmed.