619 So.2d 988 (1993)
Woodrow CONAHAN, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, BUREAU OF DRIVER IMPROVEMENT, State of Florida, Respondent.
No. 93-99.
District Court of Appeal of Florida, Fifth District.
April 30, 1993.
Rehearing Denied June 17, 1993.
*989 Stuart I. Hyman of NeJame & Hyman, P.A., Orlando, for petitioner.
Enoch J. Whitney, General Counsel and Kim Feigin, Asst. General Counsel, Miami, for respondent.
DIAMANTIS, Judge.
Petitioner Woodrow Conahan was arrested for driving under the influence of alcohol and, when he refused to submit to a breath test, his driver's license was suspended. An administrative hearing officer sustained the suspension after a formal hearing,[1] and the circuit court denied certiorari relief.[2] Petitioner seeks certiorari review of the circuit court order.[3] For the reasons set forth hereafter, we deny the petition for writ of certiorari.
In reviewing a final order of the circuit court acting in its review capacity, the district court is limited to determining whether the circuit court afforded procedural due process and applied the correct law. Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989); Brunsman v. National Rent-A-Fence Co., 612 So.2d 719 (Fla. 5th DCA 1993). The district court must exercise its discretion to avert the possibility that certiorari will be used as a vehicle to obtain a second appeal. Combs v. State, 436 So.2d 93 (Fla. 1983). Here, Petitioner is clearly seeking a second appeal of issues fully and competently considered by the circuit court, so certiorari is not available. Further, we agree with the circuit court that a driver who refuses to submit to a breath test may not object to the suspension of his or her license on the basis that the refused test was not approved or did not comply with administrative rules and regulations because these are matters which, although relevant to the admissibility of a breath test, are irrelevant where the test has been refused. See, e.g., Halloway v. Martin, 143 Ariz. 311, 693 P.2d 966 (App. 1984) (validity of test refused is not relevant to review of suspension for refusal of test, but is only relevant if test is given and results offered into evidence); Kostyk v. Department of Transportation, 131 Pa. Cmwlth. 455, 570 A.2d 644 (Ct. 1990) (refusal to take breathalyzer test renders irrelevant proof as to whether test would have been conducted by qualified operator using approved equipment); Bell v. Department of Motor Vehicles, 6 Wash. App. 736, 496 P.2d 545 (1972) (issue of qualification of operator not relevant to whether license lawfully revoked for refusal, but only bears on admissibility of test). Also, section 322.2615(7), Florida Statutes (1991), specifically limits the scope of review of a license suspension for refusal to take a test to the consideration of whether the law enforcement officer had probable cause to believe the person was driving or in actual control of a motor vehicle while under the influence of alcohol; whether the person was placed under lawful arrest for driving under the influence; whether the person refused to submit to any breath, blood, or urine test when requested to do so; and whether the person was advised of the consequences of refusal. There is no requirement that the state validate the hypothetical test which would have been given but for the refusal.
The circuit court also properly rejected petitioner's due process argument. In Zarsky v. State, 300 So.2d 261 (Fla. 1974), quoted by this court in Department of Highway Safety & Motor Vehicles v. *990 Hagar, 581 So.2d 214 (Fla. 5th DCA 1991), the Florida Supreme Court emphasized that the reasonable regulation of an individual's privilege to drive is in the interest of the public good. If the holder of a driver's license cannot demean himself as a careful user, he becomes a public nuisance to be excluded from the use of the highways. Thornhill v. Kirkman, 62 So.2d 740, 742 (Fla. 1953). See also Jones v. Kirkman, 138 So.2d 513 (Fla. 1962); Smith v. City of Gainesville, 93 So.2d 105 (Fla. 1957). In State v. Bender, 382 So.2d 697 (Fla. 1980), the Florida Supreme Court held that the compelling state interest in highway safety justifies the suspension of drivers' licenses for failure to take a breath test. In Mackey v. Montrym, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979), the United States Supreme Court considered whether the summary suspension of a driver's license for refusal to take a breath test violated due process. The Court held that, to determine whether due process requirements have been met, consideration must be given to the private interest affected by the official action, the risk that an erroneous deprivation might occur, and the governmental interest implicated. Application of the test in Mackey to the suspension procedure in section 322.2615 makes clear that the interest in a driver's license is a privilege, not a right; that the risk of an erroneous deprivation is slight in light of statutory requirements; and that the public interest in highway safety is great. See Jones v. Kirkman, 138 So.2d 513 (Fla. 1962) (upholding a procedure similar to the one in question for the automatic suspension of a driver's license when a driver had earned a certain number of points for traffic violations).
Finally, the circuit court properly rejected petitioner's argument that a temporary license suspension constituted a forfeiture under the Florida Contraband Forfeiture Act, sections 932.701-.704, Florida Statutes (1991). Petitioner's license was not permanently forfeited, but only temporarily suspended, and the procedure employed satisfies due process requirements, while preserving the safety of the highways.
WRIT DENIED.
GOSHORN, C.J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, Judge, concurring specially.
I agree that the instant petition for certiorari should be denied. Petitioner has brought to our attention, however, that at least one circuit judge in this district has ruled that the evidentiary and fact-finding procedures of section 322.2615, Florida Statutes, do not meet minimum due process requirements, at least as applied in some cases. This judge has expressed, based on his own observations, that the Department's hearing officers at times have not conducted the fair, impartial review of evidence that is expected from such "formal" hearings.
If it can be shown that the citizens of Florida are not being afforded a prompt, fair, meaningful hearing by this statutory procedure, the procedure should be invalidated on due process grounds.
NOTES
[1] § 322.2615(6), Fla. Stat. (1991).
[2] § 322.2615(13), Fla. Stat. (1991).
[3] Fla.R.App.P. 9.030(b)(2)(B).