ALTENBERND, Judge.
The State of Florida, Department of Highway Safety and Motor Vehicles (the Department) seeks certiorari review of two circuit court orders. The orders reinstate the driving privileges of Robert Berry and Edward McGee, each of whom refused to submit to a breath, blood, or urine test in conjunction with a lawful DUI arrest. We grant the petitions and reverse these orders because the circuit court did not apply the correct law.
The operative facts in these two cases are identical. In 1992, Mr. Berry and Mr. McGee were each arrested in Charlotte County for driving under the influence of alcohol. Section 316.193, Fla.Stat. (1991).[1] There is no dispute that the police had ample evidence to establish probable cause for each arrest. The arresting officer in each case requested the driver to take a breath, blood, or urine test to determine whether the driver was under the influence of alcohol. Both men refused to submit to a test after being informed that the refusal would lead to a suspension.
After their driving privileges were suspended for refusal to submit to a test, each man requested a formal administrative hearing pursuant to section 322.2615(l)(b)3, Florida Statutes (1991). The hearing officer sustained the suspensions. On certio-rari review to the circuit court, that court reinstated the men’s driving privileges on the theory that the Department failed to establish, at the administrative hearing, that the state had an “approved” test available to administer to Mr. Berry and Mr. McGee if they had opted to take the test at the time of their respective arrests.
We hold that the Department, as an element of its burden in a civil administrative hearing to review a suspension of driving privileges, has no obligation to establish that an approved test was ready and available if the defendant had elected to take the test. Such an element of proof is not expressly contained in the issues delineated in section 322.2615(7)(b)l.-4. See State Department of Highway Safety v. DeShong, 603 So.2d 1349 (Fla. 2d DCA 1992). For purposes of a civil statute regulating a privilege, we see no reason to imply such an additional element. See State v. Hoch, 500 So.2d 597, 601 (Fla. 3d DCA 1986), review denied, 509 So.2d 1118 (Fla.1987) (“A driver’s license is a privilege, not a right, and the state may strictly regulate that privilege.”).
We note that neither driver presented evidence to establish that an approved test was in fact unavailable in Charlotte County at the time of these arrests. In this case, the drivers simply argue that the state should be required to prove the availability of an approved test in all cases, even when the driver presents no evidence that a test was unavailable or that the driver had been misled by the police. We do not decide whether additional proof would be appropriate had the drivers presented such evidence.
The circuit court erred in these cases by placing too much reliance on State v. Polak, 598 So.2d 150 (Fla. 1st DCA 1992). In Polak, the First District approved the suppression of alcohol test results in numerous criminal DUI cases. The defendants had taken alcohol tests on a modified testing machine. The defendants had consented to take the test based on the officers’ implied consent warnings that failure to consent to an “approved” test would result in suspension of the person’s license and use of the refusal as evidence in a criminal proceeding. After learning that the testing device had been modified, the defendants moved to suppress the results. They argued, in part, that since the machine had been altered, it was no longer an “approved” instrument; therefore, it could not be said *978 that they had consented under section 316.-1932(l)(a) to an “approved” test. The district court agreed, reasoning that the defendants’ consent could not be deemed voluntary because it was based on misinformation, specifically that the licenses would be suspended for failure to submit to an unapproved test.
In footnote 7, the First District states:
We reject appellant’s argument that section 316.1932 permits license suspension for failure to take any lawful test. The statute clearly states the operator of a motor vehicle is deemed to give his or her consent to submit to an approved test. When the statute discusses suspension based on refusal to take any lawful test, we consider this provision must be read in pari materia with the consent portion of the statute requiring submission to an approved test.
Polak, 598 So.2d at 153-54.
The dicta in footnote 7 clearly misled the circuit court. This dicta does not require the result reached by the circuit court. Footnote 7 merely explains a portion of the reasoning to support the suppression of the evidence in a criminal proceeding. It does not discuss the burdens of proof in a civil administrative hearing.
In essence Mr. Berry and Mr. McGee wish to have their cake and eat it too. They want to refuse to take the test and deprive the state of the test results as evidence in a criminal proceeding, yet still require the state to establish the validity of a hypothetical test in a civil administrative proceeding. If they had chosen to cooperate and take the test, the state would have had additional evidence to use against them but also would have had an obligation to prove the quality of that test in any criminal proceeding. An actual test would have been performed, and the issue would have concerned the quality of a specific test. By refusing the test, these men have limited the evidence that can be used against them in a criminal proceeding. There is no reason in a civil suspension hearing to compel the state to prove that one or all of the hypothetical tests these men might have taken would have been an “approved” test if they had elected to take that test. At least in the absence of evidence to the contrary, the hearing officer may presume that the police had an approved test available for administration to the driver.
Accordingly, we grant the Department’s petitions and quash the circuit court’s orders that reinstated Mr. Berry and Mr. McGee’s driving privileges.
RYDER, A.C.J., and DANAHY, J., concur.

. Although Mr. Berry and Mr. McGee were arrested in Charlotte County, they both reside in Englewood, Florida; therefore, venue for their certiorari proceedings was properly in Sarasota County. See § 322.2615(13), Fla. Stat. (1991).