PER CURIAM.
A petition for writ of certiorari has been filed with this court by Ronald Scritehfield. The petition seeks review of the circuit court order denying a petition for writ of certiorari filed in that court requesting relief from the suspension of his driver’s license for refusing to take a blood-alcohol test. We deny the petition.
On July 4, 1993, at approximately 10:00 a.m. Collier County Sheriffs Deputy Zinn observed a pickup truck parked off the road against a fence. The truck’s motor was running and Scritehfield was sleeping on the *1247 seat. Deputy Zinn awakened Seritchfield and asked him to get out of the car and to produce his driver’s license. According to the deputy’s Alcohol Influence Report, he smelled alcohol on Scritchfield’s breath, his eyes were red and watery, he was thick tongued, mumbled, slurred his speech, and was confused. After an initial difficulty, Seritchfield successfully performed field sobriety tests. Seritchfield was placed under arrest for driving under the influence. Deputy Zinn informed him of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966), and of the statutory implied consent warnings.
Seritchfield was transported to the Collier County Jail. According to testimony presented at the hearing on the suspension, at approximately 10:35 a.m., the same day of the arrest, the breathalyzer technician, Deputy Saylor, read the implied consent warnings to Seritchfield and requested that he take a breath test. Seritchfield told the deputy he was not refusing to take the test, but that he wanted to speak with an attorney. Saylor repeatedly informed Seritchfield that he was refusing to take the test by his statement and prepared an affidavit of refusal to submit to breath, urine or blood test.
Later, Seritchfield requested a formal review of the license suspension pursuant to section 322.2615(l)(b)(3), Florida Statutes (1993). Seritchfield subpoenaed the arresting deputy, Zinn, and the breathalyzer technician, Saylor, for testimony at the scheduled hearing. Saylor was present and testified but Zinn failed to appear. Counsel for Seritchfield failed to object to the fact that Zinn did not respond to the subpoena. Seritchfield testified at the suspension hearing that he did not refuse to take the breath test; but merely invoked his right to an attorney pursuant to Miranda.
In the September 3, 1993 order, the hearing officer found that Seritchfield refused to take the breath test after the implied consent was read to him at jail and that his driving privilege was properly suspended.
Seritchfield filed a petition for writ of cer-tiorari in the circuit court in which he indicated that he requested a formal review to contest the issue of the refusal to take the breath test. The basis of his argument was that the hearing officer erred in failing to invalidate the refusal suspension based on the non-appearance of the duly subpoenaed arresting deputy. The circuit court issued an order summarily denying the petition. The record on appeal does not contain a transcription of the circuit court hearing.
In evaluating a final order of the circuit court acting in its review capacity, the district court is limited to determining whether the circuit court afforded procedural due process and applied the correct law. See Conahan v. Dept. of Highway Safety and Motor Vehicles, Bureau of Driver Improvement, 619 So.2d 988, 989 (Fla. 5th DCA 1993).
In two points raised in the petition to this court, Seritchfield states that the circuit court failed to afford procedural due process and departed from the essential requirements of law by failing to grant the petition for writ of certiorari. Seritchfield first claims that his alleged refusal to take the breath test was not knowing, intelligent, free and voluntary and, in fact, was not a refusal to take the test at all, but a request for counsel.
This court notes that the only issue raised in the petition for writ of certiorari to the circuit court relates to the absence of the subpoenaed deputy at the suppression hearing. Seritchfield is now attempting to raise the new issue that his request for counsel was mistreated by the deputy as a refusal to take the breath test. This court must exercise its discretion to avert the possibility that certiorari will be used as a vehicle to obtain a second appeal. See Conahan, 619 So.2d at 989.
Scritchfield’s second point consists of the allegation that he was deprived of the right of confrontation and cross-examination because the arresting officer did not appear at the hearing, even though duly subpoenaed.
Seritchfield concedes that there was no objection to the deputy’s absence at the suspension hearing. Without such an objection, the argument has been waived. See Yachting Arcade, Inc. v. Riverwalk Condo *1248 minium Ass’n, 500 So.2d 202, 204 (Fla. 1st DCA 1986) (issue not presented to the lower tribunal is unreviewable).
Additionally, the argument is without merit as the legality of the arrest was not contested. The deputy’s traffic citation and arrest report were automatically entered into evidence pursuant to Florida Administrative Code rule 15A-6.013 without objection. The determination that the arrest was lawful can be made based on these written documents without witnesses testifying on behalf of the state. See Dept. of Highway Safety and Motor Vehicles v. Satter, 643 So.2d 692 (Fla. 5th DCA 1994). The deputy’s presence was not required as Seritchfield’s testimony at the hearing reveals that Zinn was not present when he refused to take the breath test.
As the issues raised by Scritchfield have no merit or have been waived, we deny the petition for writ of certiorari.
RYDER, A.C.J., and THREADGILL and FULMER, JJ., concur.