654 So.2d 221 (1995)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Roger RIGGEN, Appellee.
No. 94-2648.
District Court of Appeal of Florida, First District.
April 21, 1995.
Rehearing Denied May 31, 1995.
Enoch J. Whitney, Gen. Counsel, Dept. of Highway Safety and Motor Vehicles, Tallahassee, for appellant.
David M. Robbins of Epstein & Robbins, Jacksonville, for appellee.
PER CURIAM.
The Department of Highway Safety and Motor Vehicles (the Department) seeks review of the circuit court's order granting certiorari by which the court reinstated Roger Riggen's driver's license.[1] Finding that the circuit court did not proceed in accordance with the essential requirements of law, we grant the petition and quash the circuit court's decision to reinstate Riggen's license.
After his arrest for driving under the influence of alcohol, Riggen submitted to two breath tests which were rendered invalid because in each instance the machine became clogged with a foreign substance, apparently from Riggen's mouth. Upon his refusal to take a third test, Riggen's driver's license was suspended pursuant to section 322.2615, Florida Statutes (1993). An administrative hearing officer sustained the suspension notwithstanding the intoxilyzer operator's testimony that the refused breath test would have been invalid due to the operator's admitted failure to begin a new observation period prior to offering the third test. On certiorari review, the circuit court reinstated Riggen's license because the Department failed to establish that a valid test would have been available had Riggen opted to take the test.
We reject Riggen's argument that the Department is required to establish the validity of a refused test. Although the validity of a breathalyzer test may be essential to its admissibility in a criminal proceeding, the hypothetical *222 validity of a refused test is not relevant to review the administrative suspension of a driver's license. § 322.2615(7)(b)1. -4., Fla. Stat. (1993); see Department of Highway Safety and Motor Vehicles v. Berry, 619 So.2d 976 (Fla. 2d DCA 1993); Conahan v. Department of Highway Safety and Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993).
Accordingly, we grant the Department's petition and quash the circuit court's order that reinstated Mr. Riggen's driver's license.
ERVIN, MINER and WOLF, JJ., concur.
NOTES
[1] Review in this court was incorrectly sought by means of appeal when the proper procedure was to petition for writ of certiorari. Wingate v. Department of Highway Safety and Motor Vehicles, 442 So.2d 1023 (Fla. 5th DCA 1983). At the Department's request, and pursuant to Florida Rule of Appellate Procedure 9.040(c), we will treat the instant appeal as a petition for writ of certiorari.