662 So.2d 371 (1995)
DEPARTMENT OF HIGHWAY SAFETY, etc., Petitioner,
v.
Michael DEAN, Respondent.
No. 95-975.
District Court of Appeal of Florida, Fifth District.
September 22, 1995.
Rehearing Denied November 2, 1995.
*372 Enoch J. Whitney, General Counsel, Kim Feigin and Jill Tavlin Swartz, Assistant General Counsels, Miami, for petitioner.
Flem K. Whited, III, and Barbara C. Davis, Daytona Beach, for respondent.
GRIFFIN, Judge.
The state seeks certiorari review of a decision of the lower court sitting in its appellate capacity, pursuant to section 322.2615(13), Florida Statutes (1993). The lower court granted respondent, Michael Dean's ["Dean"], petition for writ of certiorari to quash an order of a hearing officer of the Division of Motor Vehicles confirming the suspension of Dean's driver's license for refusal to submit to a breathalyzer. Dean had testified at the hearing that he refused the breath test three times but, after he understood that his driving privilege would be suspended, he promptly recanted his refusal and told the officer he would submit to the test. The officer, however, refused to allow him to do so.[1]
The circuit court ruled that there was competent, substantial evidence to support the hearing officer's conclusion that Dean initially refused to submit to the test, and that the hearing officer properly considered the officer's affidavit attesting to the refusal. The court observed, however, that the only evidence in the record on the issue of Dean's recantation was Dean's own testimony; the arresting officer's reports made no reference to any recantation and, as is permitted by statutes, the officer did not appear to testify. The lower court held that the hearing officer must accept evidence which is neither impeached, discredited, controverted, contradictory, physically impossible or inherently incredible and, since Dean's unrebutted testimony suffered none of those defects, the suspension had to be vacated. The court relied on State v. Fernandez, 526 So.2d 192 (Fla. 3d DCA), appeal dismissed, 531 So.2d 1352 (Fla. 1988).
In a license revocation proceeding pursuant to section 316.2615, Florida Statutes, the hearing officer is only required to determine by a preponderance of the evidence that the arresting officer had probable cause for arresting the accused; that the accused was arrested lawfully; that the accused refused to submit to a test; and that the accused was told that his license would be suspended for one year if he refused. Department of Highway Safety and Motor Vehicles v. Satter, 643 So.2d 692, 695 (Fla. 5th DCA 1994), review denied, 651 So.2d 1195 (Fla. 1995); Conahan v. Department of Highway Safety and Motor Vehicles, 619 So.2d 988, 989 (Fla. 5th DCA 1993). By statute, such a determination may be made based upon the written documents and reports generated by law enforcement. § 322.2615(11), Fla. Stat. (1993); Department of Highway Safety and Motor Vehicles v. Stewart, 625 So.2d 123 (Fla. 5th DCA 1993).
This court has strongly held to the view that the finder of fact is not required to believe the testimony of any witness, even if unrebutted. "Even though the state's witnesses are uncontradicted, a jury does not have to accept and believe them." State v. Paul, 638 So.2d 537, 539 (Fla. 5th DCA 1994), review denied, 654 So.2d 131 (Fla. 1995). See also Bouler v. State, 389 So.2d 1197 (Fla. 5th DCA 1980) (a jury can accept or reject all or any part of the testimony of any witness). As the finder of fact in this case, the hearing officer had before it competent evidence of refusal. Dean offered testimony that he had recanted, which is another way of saying he retracted, withdrew or nullified *373 his refusal. Larmer, 522 So.2d at 943. The hearing officer could have accepted such testimony that indeed the initial refusal was nullified or withdrawn and that Dean had consented. The hearing officer is not obliged, however, to accept a licensee's testimonial claim of consent in the face of the officer's sworn report that consent had been refused. The statutory scheme is designed to avoid the requirement for the physical presence of the arresting officer at the licensure hearing.[2] To allow a licensee's unrebutted testimony that he recanted his refusal to trump such other evidence would eviscerate the statute.
The frequency with which conscientious trial judges of this state issue decisions that have the effect of providing more procedural safeguards to licensees in these revocation hearings suggests a continuing concern about the fairness of this statutory procedure. See, e.g., Department of Highway Safety and Motor Vehicles v. Shonyo, 659 So.2d 352 (Fla. 2d DCA 1995); Department of Highway Safety and Motor Vehicles v. Riggen, 654 So.2d 221 (Fla. 1st DCA 1995), Anderson v. Department of Highway Safety and Motor Vehicles, 3 Fla. Supp. 250 (Fla. 7th Cir. June 6, 1995); Day v. Department of Highway Safety and Motor Vehicles, 2 Fla. Supp. 279 (Fla. 9th Cir. May 17, 1994). Nevertheless, requiring the presence of the arresting officer at any license suspension hearing against the possibility that the licensee might offer recantation testimony still would not solve the underlying concern illustrated by this case  which is whether DMV hearing officers provide licensees with a fair and meaningful hearing or whether they merely provide a rubber stamp.
We grant the petition for writ of certiorari and quash the circuit court's order.
PETITION GRANTED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] In Larmer v. Department of Highway Safety and Motor Vehicles, 522 So.2d 941 (Fla. 4th DCA), review denied, 531 So.2d 1352 (Fla. 1988), the court applied the test adopted in a North Dakota case to determine that a recision of a refusal to take a breath test can be effective to avoid the penalty for refusal. In Lund v. Hjelle, 224 N.W.2d 552, 557 (N.D. 1974), the court held that where one arrested for driving under the influence first refuses to submit to a blood alcohol test and later changes his mind, the subsequent consent to take the test cures the prior first refusal when: (1) the request to take the test is made within a reasonable time after the prior first refusal; (2) the test administered on the subsequent consent would still be accurate; (3) the testing equipment or facilities are still readily available; (4) honoring the request after a first refusal will result in no substantial inconvenience or expense to the police; and (5) the individual requesting the test has been in police custody and under observation since his arrest.
[2] If a withdrawal of refusal did occur and the licensee wishes to bolster his evidence, the licensee can call the officer to corroborate his or her testimony on that issue. § 322.2615(11), Fla. Stat. (1993).