BLUE, Judge.
The Department of Highway Safety and Motor Vehicles appeals the circuit court’s order that reinstated the suspended license of Charlene W. Coleman. We treat this as a petition for writ of certiora-ri. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). Because the circuit court did not proceed in accordance with the essential requirements of law, we grant the petition and quash the order on review.
In a final order of license suspension following a formal review, the hearing officer found that Coleman was properly stopped and lawfully arrested for driving under the influence. After being informed that refusal would cause the suspension of driving privileges, Coleman refused to take the breath test and her license was suspended. At the administrative hearing, Coleman offered into evidence an FDLE Investigative Summary regarding deficiencies in the breath test training and testing procedures. The hearing officer ruled that the evidence was not relevant and sustained the license suspension based on the findings stated above. The hearing officer’s scope of review to determine whether a license should be suspended under these circumstances is statutorily limited to: whether the arresting officer had probable cause to believe the person was driving under the influence; whether the driver was lawfully arrested; whether the driver refused to take the test after being requested to do so; and whether the driver was told that refusal would result in suspension. See § 322.2615(7)(b)(l)-(4), Fla. Stat. (1997).
*92 Coleman petitioned the circuit court for a writ of certiorari. The circuit court granted the petition and quashed the administrative order, reinstating Coleman’s driver’s license. In its order, the court made the following findings:
At her revocation hearing Coleman proved that the breath test she was offered would have been invalid in any criminal court and therefore her refusal of this invalid test should not be grounds for suspension of her license. By citing to a blanket order covering a number of other DUI cases that arose at the same time as her arrest, Coleman proved that at the time of her arrest the breath machine operator had not been properly certified.
The court concluded that a driver’s license “may only be suspended for refusal to take a valid breath test” and that “once a defendant establishes that a valid or approved test was not available, her refusal can carry no consequences under F.S. 322.2615.”
We conclude that the Department has met the standard for certiorari relief in this court on two grounds. First, a circuit court in its appellate function “is not entitled to reweigh the evidence or substitute its judgment for that of the agency.” Haines City Cmty. Dev., 658 So.2d at 530. The circuit court improperly weighed the evidence when making the factual findings recited above. See Dep’t of Highway Safety & Motor Vehicles v. Haskins, 752 So.2d 625, 627 (Fla. 2d DCA 1999) (granting certiorari when circuit court “reviewed the evidence and formed its own opinion, without deference to the findings of the hearing officer”), review denied, 763 So.2d 1043 (Fla.2000). Second, the circuit court failed to apply the correct law when it held that a license may not be suspended for refusal to take the test if a driver establishes that a valid test was not available. See Dep’t of Highway Safety & Motor Vehicles v. Berry, 619 So.2d 976 (Fla. 2d DCA 1993). See also Dep’t of Highway Safety & Motor Vehicles v. Riggen, 654 So.2d 221 (Fla. 1st DCA 1995).
In defense of the circuit court’s ruling, we note that it was trying to give effect to dicta in Berry where this court noted that it was not deciding “whether additional proof [of the availability of a valid test] would be appropriate had the drivers presented such evidence” and that “in the absence of evidence to the contrary, the hearing officer may presume that the police had an approved test available for administration to the driver.” Berry, 619 So.2d at 977, 978 (emphasis added). In Riggen, the driver did in fact introduce evidence to the hearing officer “that the refused breath test would have been invalid.” Riggen, 654 So.2d at 221. As the First District held, however, “[although the validity of a breathalyzer test may be essential to its admissibility in a criminal proceeding, the hypothetical validity of a refused test is not relevant to review the administrative suspension of a driver’s license.” Riggen, 654 So.2d at 221-22. Thus, the hearing officer in this case properly concluded that the evidence regarding the validity of the test Coleman would have taken did not preclude the suspension of her license.
By quashing the hearing officer’s order, the circuit court departed from the essential requirements of the law. Accordingly, we grant the Department’s petition and quash the circuit court’s order that reinstated Coleman’s driver’s license.
Petition granted; order quashed.
ALTENBERND, A.C.J., and GREEN, J., concur.