SHARP, W., J.
Havlicek petitions this court for writ of certiorari to review the circuit court’s denial of his petition for writ of habeas corpus. He contends the Department of Corrections was without legal authority to forfeit gain time as a disciplinary punishment for his escape and then also to forfeit gain time following his conviction for the same escape. His argument is based on the failure of the State Attorney to object to the Department’s formal disciplinary action pursuant to Florida Administrative Code, Rule 33-601.303(3). We deny the petition.
In his petition, Havlicek raises for the first time claims that forfeiture of gain time as a result of the disciplinary proceeding and subsequent conviction for the same act (escape) violated his due process and double jeopardy rights. These issues may have some merit, but since they were not raised below we do not consider them in connection with this petition. See Fla. Mining and Materials Corp. v. Continental Casualty Co., 556 So.2d 518 (Fla. 2d DCA 1990). See also Scritchfield v. Department of Highway Safety and Motor Vehicles, 648 So.2d 1246 (Fla. 2d DCA 1995), rev. denied, 660 So.2d 714 (Fla. 1995).
The lower court ruled that Florida Administrative Code Rule 33-601.303(3),[1] *603 does not create a right in a defendant to have the state object before the Department proceeds to formal disciplinary action. Clearly, the Department has authority to discipline a defendant for his conduct in prison or while in custody, whether or not it also amounts to a prosecutable crime. The administrative rule is merely a mechanism to flag a defendant’s file. Having concluded that Havlicek failed to demonstrate the lower court departed from the essential requirements of law in denying his petition for writ of habeas corpus, the petition for writ of certiorari is denied.
Petition for Writ of Certiorari DENIED.
PLEUS and PALMER, JJ., concur.

. Florida Administrative Code, Rule 33-601.303(3), provides:
Reporting Disciplinary Infractions:
(3) When it appears that laws of the state have been violated, the Office of the Inspector General shall be notified, who will in turn contact the State Attorney when deemed appropriate. If the State Attorney decides to prosecute, his office shall be consulted as to the suitability or disciplinary action being taken by the institution prior to the prosecution being concluded.
*603 (a) If the State Attorney has no objections, formal disciplinary action shall proceed.
(b) If the State Attorney objects to disciplinary action prior to prosecution, the file shall be flagged so that the investigation and disciplinary process can be completed once the criminal prosecution has been resolved.
(c)Failure to notify the state attorney prior to taking disciplinary action is not grounds for dismissal of the disciplinary report.