848 So.2d 482 (2003)
DEPARTMENT OF SAFETY & MOTOR VEHICLES, Petitioner,
v.
Brenda L. MARSHALL, Respondent.
No. 5D03-296.
District Court of Appeal of Florida, Fifth District.
July 3, 2003.
*483 Enoch J. Whitney, General Counsel, and Heather Rose Cramer, Assistant General Counsel, Lake Worth, for Petitioner.
John J. Bonaccorsy, Daytona Beach, for Respondent.
GRIFFIN, J.
Petitioner, the Department of Highway Safety and Motor Vehicles ["Department"], seeks certiorari review of a circuit court decision which quashed an administrative final order of driver's license suspension. We grant the writ.
In the final order of license suspension, the hearing officer found that on October 15, 2001, at 3:33 a.m., Corporal Dietrich of the South Daytona Police Department observed Brenda L. Marshall ["Marshall"] driving northbound on Ridgewood Avenue. Corporal Dietrich observed Marshall weaving in her lane and across the center lane divider. As Corporal Dietrich was already involved in another DUI investigation, he called fellow officer Gary MacDowell to stop Marshall. Officer MacDowell stopped Marshall and upon contact detected a strong odor of alcohol and noticed that her eyes were very watery. Marshall told Officer MacDowell that she normally does not drink, but that night she drank a beer. Marshall testified that she was driving because her passenger was too intoxicated to drive.
Marshall agreed to perform field sobriety exercises. On the walk and turn exercise, she lost her balance during instructions, did not walk heel to toe and turned incorrectly. On the one-leg stand, Marshall used her arms for balance and put her foot down. Marshall did not follow instructions on the finger to nose exercise, and missed the tip of her nose.
Marshall was arrested for DUI. Marshall was also given a citation for careless driving. The implied consent warning was read, but Marshall refused to take the breath alcohol test. She told Officer MacDowell that she wanted to talk with an attorney before taking the breath test. Marshall was transported to the South Daytona Police Department for processing. Once at the station, Corporal Dietrich again offered Marshall an opportunity to submit to a breath test and she refused, saying that she would not take the breath test without the advice of an attorney.
At the administrative hearing, Marshall's attorney raised the following issues: (1) the Department documents showed inconsistent *484 dates and times; (2) Marshall was given an improper implied consent instruction, which indicated that her license "may" be suspended, instead of being advised that her license would be suspended if she refused to take a breath test; (3) the DUI citation listed the Florida Highway Patrol when it was not involved in the driver's arrest, and also stated that there would be a ten-day temporary permit instead of a thirty day permit; (4) the Department documents were contradictory on the issue of intoxication because Marshall had the presence of mind to sign a waiver of liability which stated that the South Daytona Beach Police Department would not be liable if there was any damage to her property, and she signed this waiver only eleven minutes after the field sobriety exercises and the officer's probable cause determination of DUI; (5) the arresting officer did not observe Marshall's driving so there was no probable cause for the arrest; (6) the officer's signature on the arrest affidavit was not legible; (7) there were internal inconsistencies in the forms; and (8) Marshall twice requested an attorney, and she was confused because the officer told her in the field that she could speak to an attorney before taking the breath test but was then told at the police station that she could not talk to an attorney before taking the breath test.
Although Marshall testified at the hearing, the hearing officer found that her testimony was not persuasive. The hearing officer denied all of the motions seeking to invalidate the license suspension filed by Marshall's attorney. The hearing officer found that the arresting law enforcement officer had probable cause to believe that Marshall was driving while under the influence of alcoholic beverages or controlled substances. The hearing officer also found that Marshall was lawfully arrested and charged with a violation of section 316.193, Florida Statutes (2001). The hearing officer further found that Marshall was informed that if she refused to submit to a breath, blood or urine test, her driving privilege would be suspended for a period of one year to eighteen months, and that Marshall refused to submit to such tests.
Marshall filed a petition for writ of certiorari in the circuit court and raised the following issues: (1) the arresting officer's implied consent warning inaccurately informed petitioner that her driver's license may be suspended for failure to take a breath test; (2) the license suspension should not be sustained because of the inconsistencies in the Department documents considered at the hearing; (3) the hearing officer deprived Marshall of procedural due process by questioning her during the proceedings and by not requiring sworn testimony from the Department to explain the discrepancies in the documents; and (4) the license suspension was invalid because of the confusing and contradictory statements by the police about whether Marshall could speak to an attorney before taking the breath test.
The circuit court issued an opinion granting the petition for writ of certiorari, but that decision was quashed by this court because the circuit court had not first ordered a response from the Department. After issuing a show cause order and considering the Department's response, the circuit court again issued an opinion granting the petition for writ of certiorari and quashing the final order of license suspension. The circuit court held that the hearing officer's final order was not supported by competent substantial evidence, as Corporal Dietrich's observations of Marshall's driving, including the weaving within her lane and across the center lane divider, did not provide a valid objective basis for Officer MacDowell to conduct a traffic stop.
*485 The circuit court also held that the hearing officer's finding that Marshall knowingly refused to submit to the breath test was not supported by the record. The circuit court noted that Marshall testified that she was confused by conflicting statements by the police concerning whether she could contact an attorney before deciding to take a breath test.
Finally, the circuit court held that Marshall was not properly advised of the consequences of refusal, as there was evidence she was not told that a refusal will result in the suspension of her driver's license, instead she was told a refusal may or could result in the suspension of her driver's license.
The circuit court's standard of review was limited to a determination whether procedural due process was accorded, whether the essential requirements of law had been observed, and whether the administrative order was supported by competent substantial evidence. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). In reviewing the circuit court's decision, this court is limited to determining whether the circuit court afforded procedural due process and applied the correct law. See Conahan v. Department of Highway Safety & Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993).
The circuit court first held that there was not sufficient proof that the police had a reasonable suspicion of the driver's impairment to initiate a traffic stop for DUI. This issue was not before the circuit court. At the administrative hearing, Marshall's counsel never argued that Marshall's driving pattern of weaving within and over her lane was inconsequential or of insufficient duration to constitute careless driving, or to create a reasonable suspicion of impairment. Rather, Marshall's counsel argued that Officer MacDowell did not personally observe petitioner's driving, and therefore there was no probable cause for arrest. This issue as framed by counsel was properly rejected because of the fellow officer rule. See State v. Adderly, 809 So.2d 75 (Fla. 4th DCA 2002); Ferrer v. State, 785 So.2d 709 (Fla. 4th DCA 2001). The circuit court review should have been limited to the issues raised before the hearing officer. The issue of whether the driving pattern observed by the first officer was sufficient to constitute careless driving or otherwise raise a reasonable suspicion of impairment was waived. See Scritchfield v. State, Department of Highway Safety & Motor Vehicles, 648 So.2d 1246 (Fla. 2d DCA 1995). Not only was this issue waived at the administrative hearing, Marshall's counsel did not attempt to raise the issue in the petition for writ of certiorari filed in the circuit court. In the response to this court's show cause order, counsel states on page 7 of the response, "Respondent concedes that she did not raise the issue of the legality of the stop or arrest." The circuit court therefore misapplied the law in sua sponte considering an issue not preserved for review or raised in the petition.
Turning to the circuit court's holding that Marshall was misled and confused regarding her right to speak with an attorney before submitting to a breath test, the circuit court misapplied the law by reweighing the evidence. The circuit court based its holding on Marshall's testimony, which the hearing officer specifically found to be unpersuasive. None of the Department documents supported Marshall's claim that she was told in the field by the police that she could consult with an attorney prior to deciding whether to submit to a breath test. The arrest affidavit noted only that Marshall, in the field and at the police station, refused to take the breath *486 test without the advice of an attorney. The arrest affidavit did not state that Marshall was told she had the right to speak to an attorney before taking a breath test. See generally State v. Burns, 661 So.2d 842 (Fla. 5th DCA 1995) (administration of breath test does not constitute "a crucial confrontation" requiring the presence of defense counsel). The only evidence that Marshall was misled was her own selfserving testimony, which the hearing officer rejected. Cf. Department of Highway Safety v. Dean, 662 So.2d 371 (Fla. 5th DCA 1995) (finder of fact is not required to believe unrebutted testimony of witness). Although Marshall had the opportunity to subpoena witnesses, she did not subpoena Officer MacDowell to confirm the statements she alleges the officer made to her. It appears that the circuit court substituted its own determination of the facts and evidence for the findings of the hearing officer. Cf. Department of Highway Safety & Motor Vehicles v. Smith, 687 So.2d 30 (Fla. 1st DCA 1997) (circuit court improperly reweighed evidence); Department of Highway Safety & Motor Vehicles v. Satter, 643 So.2d 692 (Fla. 5th DCA 1994).
Finally, the circuit court overturned the final order of license suspension on the basis that Marshall was not properly given the implied consent warnings. There was a conflict in the evidence, which the administrative hearing officer and the circuit court interpreted in different ways. According to the record evidence, Officer MacDowell, in the refusal affidavit, swore that the driver was informed that a refusal to submit to a breath, urine, or blood test will result in the suspension of driving privileges.
In addition, the record contained the State of Florida's implied consent warning form. The implied consent warning form states that "if you refuse to take this test, your driving privilege will be suspended for a period of one year for your first refusal, or 18 months if your driving privilege has been previously suspended for refusing to submit to a lawful test."
As evidenced by the implied consent warning form, Officer MacDowell asked Marshall, "Will you take the test?" The box reflecting "No" is then marked. Then Officer MacDowell asked Marshall, "Do you still refuse to submit to this test knowing that your driving privilege will be suspended for a period of at least one year?"[1] The "Yes" box is then marked. Both Officer MacDowell and Marshall signed the implied consent warning form. Based on the foregoing, there was competent substantial evidence to support the hearing officer's determination that Marshall was properly informed of the penalties for refusal before refusing the breath test. The circuit court misapplied the law by reweighing the evidence.
WRIT GRANTED, DECISION QUASHED AND REMANDED.
SAWAYA, C.J., and PALMER, J., concur.
NOTES
[1] The South Daytona Beach Police Department DUI form states that a refusal may result in loss of driving privileges. Marshall also testified that Officer MacDowell told her that her license could be suspended. While it is true that the word "may" in the South Daytona Beach Police Department DUI form and Marshall's testimony conflict with the sworn statement of Officer MacDowell in the refusal affidavit and the statements contained in the signed implied consent warning form, it was the hearing officer's duty to resolve this conflict.