PER CURIAM.
The Department of Highway Safety and Motor Vehicles seeks certiorari review of an order of the circuit court granting Samuel L. Lankford’s petition for writ of cer-tiorari challenging the suspension of his driver’s license based on his arrest for driving under the influence. The circuit court concluded that the hearing officer should have invalidated Lankford’s license suspension because the arresting officer did not provide a reason for failing to bring the videotape of the traffic stop and arrest to the hearing as directed by subpoena duces tecum. This was a departure from the essential requirements of the law.
At no time during either of his two evidentiary hearings did Lankford preserve this issue for review by raising an objection before the hearing officer. Be *528 cause this argument was waived at the trial level, it could not have been properly used as a basis for reversal of the hearing officer’s decision to suspend Lankford’s license. See Dep’t of Safety & Motor Vehicles v. Marshall, 848 So.2d 482 (Fla. 5th DCA 2008).
Moreover, we find no provision in the pertinent statute and rule that authorizes invalidation of a DUI license suspension because a witness did not provide the hearing officer with a good reason for failing to bring evidence pursuant to a subpoena duces tecum. See § 322.2615, Fla. Stat. (2004); Fla. R. Admin. P. 15A-6.013.[1]
Accordingly, we find that the circuit court exceeded its authority, thus departing from the essential requirements of law resulting in a miscarriage of justice. See, e.g., Dep’t of Highway Safety & Motor Vehicles v. Snelson, 817 So.2d 1045 (Fla. 2d DCA 2002); Dep’t of Highway Safety & Motor Vehicles v. Scinta, 828 So.2d 486, 488 (Fla. 2d DCA 2002); Moore v. Palilla, 739 So.2d 1228, 1229 (Fla. 1st DCA 1999).
We GRANT the petition for writ of cer-tiorari and QUASH the order below.
BARFIELD, KAHN, and PADOVANO, JJ., concur.

. Section 322.2615(6)(c) and rule 15A-6.013(5) authorize a party to enforce a subpoena duces tecum in circuit court when a witness has failed to comply. The hearing officer below informed Lankford of this and continued the proceeding while Lankford successfully pursued this remedy.