983 So.2d 1215 (2008)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Peggy Allen LUTTRELL, Respondent.
No. 5D07-2384.
District Court of Appeal of Florida, Fifth District.
June 20, 2008.
*1216 Judson M. Chapman, General Counsel, and Heather Rose Cramer, Assistant General Counsel, Lake Worth, for Petitioner.
Flem K. Whited III, Daytona Beach, for Respondent.
EVANDER, J.
The Department of Highway Safety and Motor Vehicles ("DHSMV") petitions for writ of certiorari, alleging that the Circuit Court, acting in its appellate capacity, departed from the essential requirements of law when it granted Luttrell's petition for writ of certiorari below. We agree.
Following Luttrell's arrest for DUI,[1] Luttrell requested a formal administrative review of her license suspension pursuant to section 322.2615(1)(b)(3), Florida Statutes (2006). At the hearing, Luttrell argued that her suspension should be invalidated because she was "stopped" illegally. The only evidence presented to the hearing officer on this issue was the officer's probable cause affidavit and Luttrell's testimony. The officer did not testify at the hearing.
According to his affidavit, Officer Harler was on routine patrol between 2:00 a.m. and 3:00 a.m. when he observed Luttrell's vehicle in the parking lot of a Wachovia Bank. The vehicle's door was open, but the officer did not see anyone at the ATM machine. Harler "pulled up to [Luttrell's] vehicle and saw that it was running and the lights were on." Harler made contact with Luttrell who advised him that she had pulled into the parking lot "to look for her glasses that fell into the floor board." It was at this time that Harler detected the odor of an alcoholic beverage and further observed that Luttrell had slurred speech and very glassy eyes. After retrieving Luttrell's driver's license, Harler returned to his patrol car to "run her information." When Harler returned to Luttrell's vehicle, he found her asleep. Harler woke Luttrell up and commenced his DUI investigation. Luttrell performed poorly on the field sobriety tests and was ultimately arrested for DUI. After being read an implied consent warning form, Luttrell refused to submit to a breath test.
Luttrell testified that she pulled into the lit Wachovia parking lot because her glasses *1217 had fallen to the floor board. Shortly thereafter, a patrol car "pulled in behind [her vehicle]." According to Luttrell, the officer had his blue lights on.
At the conclusion of the evidence, Luttrell argued that her suspension should be set aside because the officer's use of his blue lights, combined with his act of placing his patrol car behind Luttrell's vehicle, transformed an otherwise permissible consensual encounter into an unlawful investigatory stop. In its order upholding the driver's license suspension, the hearing officer expressly denied Luttrell's motion to invalidate the suspension. In its findings of fact, the hearing officer made no express findings as to Luttrell's credibility.
Luttrell then filed a petition for writ of certiorari to the circuit court. The circuit court granted the writ and quashed the administrative order. In doing so, the circuit court found that the hearing officer was not free to reject Luttrell's testimony because it was not "contrary to law, improbable, untrustworthy, unreasonable or contradictory." Accepting Luttrell's testimony, the circuit court then concluded that Luttrell's motion to invalidate suspension should have been granted.
The circuit court's standard of review was limited to a determination of whether procedural due process was accorded, whether the essential requirements of law had been observed, and whether the administrative order was supported by competent substantial evidence. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Dep't of Highway & Motor Vehicles v. Cochran, 798 So.2d 761 (Fla. 5th DCA 2001). This court's review is limited to determining whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. See Conahan v. Dep't of Highway & Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993).
Our court has previously held that in this type of administrative hearing, the hearing officer is not required to believe the testimony of any witness, even if unrebutted. See Dep't of Safety & Motor Vehicles v. Marshall, 848 So.2d 482 (Fla. 5th DCA 2003); Dep't of Highway Safety & Motor Vehicles v. Dean, 662 So.2d 371 (Fla. 5th DCA 1995). In doing so, we recognized that the statutory scheme established by the Legislature in license revocation proceedings held pursuant to section 316.2615 was designed to avoid requiring the physical presence of the arresting officer at the hearing. To accept the position that a hearing officer was required to accept the unrebutted testimony of a licensee (or any other witness) would eviscerate the statute. Dean, 662 So.2d at 373. As we observed in Marshall and Dean, the hearing officer was free to accept or reject the licensee's testimony.
Luttrell argues, alternatively, that DHSMV's writ should be denied because Officer Harler's probable cause affidavit was insufficient to establish that his initial contact with Luttrell was a consensual encounter. We disagree. The probable cause affidavit reflects that Harler "pulled up" to Luttrell's parked car and then made contact with her while she was sitting in the front seat of her vehicle. These facts, by themselves, would support a finding of a consensual encounter. The officer was not required to negate each and every possible act or circumstance that might transform a consensual encounter into an investigatory stop.
Dobrin v. Dep't of Highway Safety & Motor Vehicles, 874 So.2d 1171 (Fla.2004), a case relied upon by Luttrell, is readily distinguishable. In Dobrin, the Florida Supreme Court found that Dobrin's driver's license should not have been suspended *1218 because the facts alleged in the arresting officer's probable cause affidavit, even if accepted as true, were insufficient to establish probable cause to stop Dobrin's vehicle. Because DHSMV produced no evidence to support a finding of probable cause other than the arresting officer's affidavit, Dobrin was entitled to have his license suspension set aside. By contrast, in the present case, Officer Harler's affidavit set forth sufficient facts to support a finding that his initial contact with Luttrell was the result of a consensual encounter.
As we did in Marshall and Dean, we conclude that the circuit court misapplied the law by reweighing the evidence.
WRIT GRANTED, Decision QUASHED and REMANDED.
SAWAYA and, COHEN, JJ., concur.
NOTES
[1] § 316.193, Fla. Stat. (2006).