BLACK, Judge.
The Florida Department of Highway Safety and Motor Vehicles (DHSMV) seeks second-tier certiorari review of the circuit court’s order invalidating the suspension of Robinson’s driver’s license. We deny the petition and certify a question of great public importance to the Florida Supreme Court.
On April 3, 2011, Officer Giordano of the Clearwater Police Department arrested Robinson for driving under the influence (DUI) after stopping his vehicle for speeding. After Robinson refused to submit to a breath-alcohol test, his license was suspended. Robinson requested a formal administrative review hearing within thirty days to challenge the suspension of his license under section 322.2615(6)(a), Florida Statutes (2010).
On April 29, 2011, an evidentiary hearing was conducted before an administrative hearing officer to review the validity of the suspension. Prior to the hearing, Robinson issued a subpoena for Giordano to appear and testify at the hearing. When the arresting officer failed to appear despite the subpoena requiring his attendance, Robinson’s counsel moved to invalidate the suspension. The hearing officer denied the request to invalidate the license suspension due to Giordano’s absence, but offered to continue the hearing so that counsel could enforce the subpoena under section 322.2615(6)(c). Counsel declined the continuance. Thereafter, the hearing officer affirmed the administrative suspension of Robinson’s license.
*1092 Robinson filed a petition for writ of cer-tiorari in the circuit court seeking review of the hearing officer’s decision. Robinson claimed that the hearing officer violated due process by failing to invalidate the suspension of his license after the arresting officer failed to appear at the hearing. The circuit court agreed and held that Giordano’s unexcused absence from the formal review hearing violated Robinson’s due process rights. The court quashed the decision of the administrative hearing officer and reinstated Robinson’s driving privileges. In its second-tier certiorari petition to this court, the DHSMV seeks review of the circuit court’s decision.
In a second-tier certiorari proceeding, this court has a narrow standard of review. We review the opinion to determine whether the circuit court afforded procedural due process and whether it applied the correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982). “Applying the correct law incorrectly does not warrant certiorari review.” Stranahan House, Inc. v. City of Fort Lauderdale, 967 So.2d 1121, 1125 (Fla. 4th DCA 2007) (citing Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000)).
Section 322.2615(6) outlines the administrative review procedures for a formal review of a driver’s license suspension. The provision provides, in relevant part:
(a) If the person whose license was suspended requests a formal review, the department must schedule a hearing to be held within 30 days after such request is received by the department and must notify the person of the date, time, and place of the hearing.
(b) Such formal review hearing shall be held before a hearing officer ... [who] shall be authorized to administer oaths, examine witnesses and take testimony, receive relevant evidence, issue subpoenas for the officers and witnesses ... regulate the course and conduct of the hearing, question witnesses, and make a ruling on the suspension....
(c)A party may seek enforcement of a subpoena under paragraph (b) by filing a petition for enforcement in the circuit court of the judicial circuit in which the person failing to comply with the subpoena resides. A failure to comply with an order of the court shall result in a finding of contempt of court. However, a person is not in contempt while a subpoena is being challenged.
§ 322.2615(6)(a), (b), (c).
The DHSMV argues that due process only requires notice and an opportunity to be heard which Robinson received. The DHSMV contends that the circuit court has improperly broadened the due process standard to include a violation of due process when a subpoenaed witness fails to appear despite Robinson’s failure to enforce the subpoena pursuant to section 322.2615(6)(c).
In support of its argument that the invalidation of the suspension was improper, the DHSMV relied below on the holdings in Buckley v. Department of Highway Safety & Motor Vehicles, 18 Fla. L. Weekly Supp. 135a (Fla. 4th Cir.Ct. Aug. 17, 2010), and Department of Highway Safety & Motor Vehicles v. Lankford, 956 So.2d 527 (Fla. 1st DCA 2007). In Buckley, a subpoena was issued to secure testimony of an employee from the Florida Department of Law Enforcement (FDLE) regarding the instrument used to measure breath-alcohol content. The FDLE employee refused to appear after he discovered he would not be paid for his time. Id. The suspendee sought to invalidate the suspension of the license after the witness *1093 failed to appear. However, the circuit court found that the suspension was not a due process violation since the witness’ failure to appear was not the result of any action of the hearing officer and the sus-pendee failed to enforce the subpoena under section 322.2615(6)(c). Id.
In Lankford, the suspendee argued that the hearing officer erred in suspending his license because the arresting officer failed to bring video evidence to the hearing as directed by the subpoena duces tecum. 956 So.2d at 527. The circuit court agreed and invalidated the suspension. However, on second-tier certiorari review, the First District found that Lankford did not preserve the issue by raising an objection with the hearing officer. Id. at 527-28. The court quashed the decision of the circuit court finding that it departed from the essential requirements of the law when it invalidated the license suspension. Id. at 528. The court stated, “we find no provision in the pertinent statute and rule that authorizes invalidation of a DUI license suspension because a witness did not provide the hearing officer with a good reason for failing to bring evidence pursuant to a subpoena duces tecum.” Id.
In the proceeding below, the Sixth Circuit rejected the DHSMV’s arguments. The court concluded that Buckley was not binding authority because it was a decision of a sister circuit court, see Pardo v. State, 596 So.2d 665, 666-67 (Fla.1992), and that the language in Lankford addressing the failure of a witness to produce evidence pursuant to a subpoena duces tecum was dicta.
Instead of following these cases, the Sixth Circuit followed its own opinion in Pfleger v. Department of Highway Safety & Motor Vehicles, 18 Fla. L. Weekly Supp. 706a (Fla. 6th Cir.Ct. May 20, 2011). In Pfleger, the suspendee was arrested for DUI and subpoenaed the arresting officer to testify at the administrative review hearing. When the officer failed to appear, the hearing officer offered to continue the hearing to permit the enforcement of the subpoena. Id. The suspendee declined the continuance and the hearing officer affirmed the suspension of the license. On certiorari review, the Sixth Circuit held that an “arresting officer’s unexcused, unexplained nonappearance denied the [suspendee] the opportunity to confront and cross-examine the officer at the formal hearing within thirty days, as contemplated by the DHSMV rules.” Id. The court concluded that the hearing officer’s continuance to enforce the subpoena “added a procedural step to the review process that deprived the [suspendee] of a real opportunity to be heard and to challenge the suspension on the merits within thirty days.” Id. This court later denied the DHSMV’s petition for writ of certiora-ri in Pfleger. See Dep’t of Highway Safety & Motor Vehicles v. Pfleger, 88 So.3d 159 (Fla. 2d DCA 2011) (table decision).
On the same day that this court denied the petition for writ of certiorari in Pfleger, it also denied the petition for writ of certiorari in McKenney v. Department of Highway Safety & Motor Vehicles, 12 Fla. L. Weekly Supp. 1030a (Fla. 13th Cir.Ct. Jan. 12, 2011), cert. denied, 75 So.3d 1259 (Fla. 2d DCA 2011) (table decision). In McKenney, the Thirteenth Circuit reached the opposite conclusion from the Sixth Circuit’s opinion in Pfleger. The court found that it was not a denial of due process when a subpoenaed witness failed to appear because the hearing officer properly issued the subpoena and offered the sus-pendee the opportunity to seek enforcement of the subpoena in the circuit court; however, the suspendee did not pursue the available statutory remedy.
The DHSMV’s petition in this court essentially relies upon the same cases that *1094 it did in the circuit court. We agree that Buckley was a Fourth Circuit case and not binding on the Sixth Circuit. Additionally, the circuit court appropriately found that the language in Lankford was dicta and not binding on the Sixth Circuit. Because there is no established district court opinion addressing this issue and because the circuit court did not apply the incorrect law, we deny the petition.
We note that circuit courts are ruling both ways on this issue and using different reasoning for granting or denying petitions. Compare Buckley, 18 Fla. L. Weekly Supp. 135a (finding that the hearing officer did not violate procedural due process and denying the certiorari petition where the inability to cross-examine the witness was not the result of the hearing officer’s action, but the result of the witness’ refusal to appear and the suspendee’s failure to avail himself of the statutory procedure to enforce the subpoena), and Lemieux v. Dep’t of Highway Safety & Motor Vehicles, 8 Fla. L. Weekly Supp. 7a (Fla. 7th Cir.Ct.2000) (denying the petition for certiorari relief because the DHSMV did not have a policy of invalidating a license suspension when a subpoenaed witness failed to appear and ruling that the respondent had the burden of procuring the witness’ presence at the hearing), with Cumberledge v. Dep’t of Highway Safety & Motor Vehicles, 17 Fla. L. Weekly Supp. 314a (Fla. 9th Cir. Ct. Jan 7, 2010) (granting the petition for writ of certiorari and quashing the driver’s license suspension where breathalyzer technician was not present at the hearing due to the failure of the sheriffs office to serve the subpoena).
Given the current state of the law on this issue, it is likely that it will appear again in this court. Because these cases arise in the procedural posture of a second-tier certiorari petition and because there is no district court decision on this issue, it is also likely that we will be constrained to deny subsequent petitions raising the same issue. Accordingly, we certify the following question of great public importance to the supreme court pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
WHEN A SUSPENDEE SEEKS FORMAL REVIEW OF A DRIVER’S LICENSE SUSPENSION PURSUANT TO SECTION 322.2615(a), FLORIDA STATUTES, IS IT A VIOLATION OF DUE PROCESS TO SUSPEND THE LICENSE AFTER A SUBPOENAED WITNESS FAILS TO APPEAR AND THE SUSPENDEE CANNOT ENFORCE THE SUBPOENA WITHIN THE STATUTORILY MANDATED THIRTY-DAY PERIOD FOR FORMAL ADMINISTRATIVE REVIEW?
KELLY and LaROSE, JJ., Concur.