PARIENTE, J.,
concurring.
I concur in the denial of jurisdiction in this case. Athough the Second District Court of Appeal certified a question of great public importance, and the importance of the certified question is not disputed, the Second District did not pass upon the question. The precise language in the Florida Constitution, which is set forth in article V, section 3(b)(4), specifies that the Supreme Court “[m]ay review any decision of a district court of appeal that passes upon a question certified by it to be of great public importance.” Art. V, § 3(b)(4), Fla. Const, (emphasis added). This Court has explained that the threshold issue of whether the question certified has been passed upon is jurisdictional. See Floridians For A Level Playing Field v. Floridians Against Expanded Gambling, 967 So.2d 832, 833 (Fla.2007); Pirelli Armstrong Tire Corp. v. Jensen, 777 So.2d 973, 974 (Fla.2001); Gee v. Seidman & Seidman, 653 So.2d 384, 385 (Fla.1995).
Here, the Second District certified the following question:
WHEN A SUSPENDEE SEEKS FORMAL REVIEW OF A DRIVER’S LICENSE SUSPENSION PURSUANT TO SECTION 322.2615(a), FLORIDA STATUTES, IS IT A VIOLATION OF DUE PROCESS TO SUSPEND THE LICENSE AFTER A SUBPOENAED WITNESS FAILS TO APPEAR AND THE SUSPENDEE CANNOT ENFORCE THE SUBPOENA WITHIN THE STATUTORILY MANDATED THIRTY-DAY PERIOD FOR FORMAL ADMINISTRATIVE REVIEW?
Dep’t of Highway Safety & Motor Vehicles v. Robinson, 93 So.3d 1090, 1094 (Fla. 2d DCA 2012). According to the Second District, this issue has been litigated in several trial courts in different circuits with inconsistent results. Id. at 1092-93. Indeed, as the opinion points out, the Second District denied certiorari review in two different cases where two opposite results were reached-one from the Thirteenth Circuit and one from the Sixth Circuit. Id. at 1093. However, the Second District never reached a decision as to whether there would be a denial of due process under the circumstances presented.
The result of the Second District denying certiorari but not ruling upon the underlying question is possible because of the standard for second-tier certiorari review. See Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712 (Fla.2012). As we have explained:
Throughout this Court’s pronouncements concerning the proper application of second-tier certiorari review, this Court has repeatedly emphasized that certiorari review cannot be used as a means of granting a second appeal and cannot be used simply because the district court disagrees with the outcome of the circuit court’s decision. Instead, we have held that district courts should act only where the error is one that is a departure from the essential requirements of law. Because it would be impossible to create an exhaustive list of such situations, this Court has repeatedly emphasized that district courts must be “allowed a large degree of discretion so that they may judge each case individually.”
Id. at 726 (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)).
*85 In this case, the Second District apparently did not believe that the inconsistent results within its district, where one circuit court concluded that there was a due process violation in suspending a driver’s license when the arresting officer did not appear and where another circuit court made the opposite conclusion, reached the high threshold required to grant second-tier certiorari review. This may have been especially true in the particular case before it, where the circuit court actually found a due process violation and did not uphold the license suspension.
Yet this particular case, which came to the circuit court after agency review, highlights the necessity for a rule that would allow a circuit court to certify a question of great public importance to the district court of appeal. Based on these same concerns, we recently referred this issue to the Florida Bar Appellate Court Rules Committee in Nader:
We further refer the issue to the Florida Bar Appellate Court Rules Committee to consider whether a circuit court should be able to certify a question of great public importance to the district court in circumstances where it is reviewing a decision of an administrative agency, similar to a county court’s authority by rule to certify final orders to the district.
Id. at 727.
An issue as important as whether a defendant loses his or her driver’s license when an arresting officer fails to appear at a hearing despite a subpoena requiring the officer’s attendance should not be resolved based on the luck of the draw as to which circuit judge decides the agency appeal. For these reasons, I urge the Florida Bar Appellate Court Rules Committee to act promptly in considering a rule amendment as outlined in Nader.