# Supreme Court of Florida

_____

No. SC14-1660
_____

**NILS FUTCH,**
Petitioner,

vs.

**FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR
VEHICLES,**
Respondent.

[April 14, 2016]

PERRY, J.

Nils Futch seeks review of the decision of the Fifth District Court of Appeal

in Futch v. Department of Highway Safety & Motor Vehicles, 142 So. 3d 910 (Fla.

5th DCA 2014), on the ground that it expressly and directly conflicts with two

decisions of the Second District Court of Appeal in Department of Highway Safety

& Motor Vehicles v. Robinson, 93 So. 3d 1090 (Fla. 2d DCA 2012), and

McLaughlin v. Department of Highway Safety & Motor Vehicles, 128 So. 3d 815

(Fla. 2d DCA 2012), and a decision of the First District Court of Appeal in

Department of Highway Safety & Motor Vehicles v. Edenfield, 58 So. 3d 904 (Fla.

1st DCA 2011), on a question of law. We have jurisdiction. See art. V, § 3(b)(3),

Fla. Const. Because the Fifth District inappropriately granted certiorari review, we quash the district court's decision and remand for reinstatement of the circuit court's decision.

During a traffic stop, Futch allegedly refused to submit to a blood-alcohol test. The Department of Highway Safety and Motor Vehicles ("DHSMV") suspended Futch's driver license for one year, effective March 15, 2013. Futch sought review of the driver license suspension. See §§ 322.2615, 322.64, Fla. Stat. (2012). During the administrative review, the hearing officer refused to permit Futch's counsel to ask more than two questions of Futch's expert witness. The hearing officer subsequently upheld the suspension. On certiorari review of the administrative decision, the circuit court found that the hearing officer's actions denied Futch due process, and invalidated the suspension. Futch v. Dep't of Highway Safety & Motor Vehs., 21 Fla. L. Weekly Supp. 16, 18 (Fla. 7th Cir. Ct. Sept. 3, 2013). On second-tier certiorari review of the circuit court's decision, the Fifth District agreed with the circuit court that the hearing officer violated Futch's due process by refusing to allow his expert to testify. See Futch, 142 So. 3d at 915. However, the Fifth District held that the circuit court was required to remand the case back to DHSMV for another administrative hearing, and "that the circuit court misapplied the law when it directed DHSMV to set aside the suspension and reinstate Futch's driver's license." Id. at 916.

"[A]ppellate courts must exercise caution not to expand certiorari jurisdiction to review the correctness of the circuit court's decision." Nader v. Dep't of Highway Safety & Motor Vehs., 87 So. 3d 712, 723 (Fla. 2012); see also Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 526 (Fla. 1995). "[T]he departure from the essential requirements of law necessary for the issuance of a writ of certiorari is something more than a simple legal error." Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003) (citing Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000)). Certiorari is appropriate "only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Id.

Here, the Fifth District inappropriately exercised its certiorari jurisdiction to review the circuit court order. We reassert that "second-tier certiorari should not be used simply to grant a second appeal; rather, it should be reserved for those situations when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Nader, 87 So. 3d at 717; see also Kaklamanos, 843 So. 2d at 889. There was no miscarriage of justice here. Accordingly, because the Fifth District was without jurisdiction, we quash the decision below and remand for reinstatement of the circuit court's decision.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

Although I acknowledge that the Fifth District did not state that the granting of second-tier certiorari relief requires a showing that the circuit court violated a clearly established principle of law resulting in a miscarriage of justice, I nevertheless would approve the result reached by the district court.

On second-tier certiorari review, the district court must consider "whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. . . . [T]hese two components are merely expressions of ways in which the circuit court decision may have departed from the essential requirements of the law." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995). A district court may only exercise its discretion to grant second-tier certiorari relief when the circuit court "has violated a clearly established principle of law resulting in a miscarriage of justice." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010).

When a circuit court reviewing an administrative order determines that certiorari relief is warranted, the court has only one option—namely, to " 'quash the order reviewed.' " Broward Cty. v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 844

(Fla. 2001) (quoting <u>Tamiami Trail Tours Inc. v. R.R. Comm'n</u>, 174 So. 451, 453 (Fla. 1937) (on rehearing)).  And when an order is quashed on certiorari review, " 'it leaves the subject matter, that is, the controversy pending before the tribunal, commission, or administrative authority, as if no order or judgment had been entered . . . .' " <u>G.B.V.</u>, 787 So. 2d at 844 (quoting <u>Tamiami</u>, 174 So. at 454).  The law is clearly established that " '[t]he [reviewing] court has no power [when] exercising its jurisdiction in certiorari to enter a judgment on the merits of the controversy under consideration[,] nor to direct the [tribunal, commission, or administrative authority] to enter any particular order or judgment.' " <u>Id.</u> (quoting <u>Tamiami</u>, 174 So. at 454).  Consistent with these principles of law, the Fifth District "ha[s] consistently held that when a circuit court quashes a hearing officer's order on due process grounds, the matter is to be remanded to the hearing officer for further proceedings." <u>Futch</u>, 142 So. 3d at 915.

In this case, the Fifth District correctly recognized that this clearly established principle of law required the circuit court to remand the case for another administrative hearing.  <u>See, e.g.</u>, <u>G.B.V.</u>, 787 So. 2d at 844; <u>Tamiami</u>, 174 So. at 453-54.  Accordingly, because the circuit court invalidated the suspension of Futch's driver license—without the authority to do so—instead of quashing the order and remanding the case, the circuit court disregarded this Court's precedent and the Fifth District's precedent requiring that the matter be remanded for further

proceedings. In doing so, the circuit court violated a clearly established principle of law.

Although the Fifth District did not expressly hold that the circuit court's violation of this clearly established principle of law resulted in a miscarriage of justice, I would conclude that the circuit court's error resulted in a miscarriage of justice that is "sufficiently egregious or fundamental to merit the extra review and safeguard provided by certiorari." Heggs, 658 So. 2d at 531. Specifically, the circuit court's error denied DHSMV the opportunity for the suspension of Futch's driver license to be properly considered by the hearing officer on the merits. The circuit court's error also resulted in a miscarriage of justice because it has precedential value in the Seventh Judicial Circuit, could affect many other administrative proceedings in that circuit, and substantially deprives DHSMV of its opportunity to sustain driver license suspensions in that circuit. Moreover, in holding that "no miscarriage of justice" occurred under the facts of this case, the majority has arguably created a scenario immune from second-tier certiorari review in which any circuit court in the State of Florida can invalidate any administrative driver license suspension on the sole basis that an evidentiary error violates due process. Majority op. at 3.

The circuit court not only transgressed the limitations on the authority of a court granting first-tier certiorari relief but also violated a cardinal rule of the

appellate process. When an error made in a ruling on an evidentiary question is identified in a review proceeding, the result is not an automatic victory for the party aggrieved by the error. It is an "elementary" principle of the appellate process that "where findings are infirm because of an erroneous view of the law, a remand is the proper course unless the record permits only one resolution of the factual issue." Pullman-Standard v. Swint, 456 U.S. 273, 292 (1982). Indeed, no principle of the appellate process is more firmly-fixed and well-understood. The majority's conclusory decision contravening this principle holds the potential for much mischief.

In sum, the Fifth District was justified in granting certiorari relief because the circuit court violated a clearly established principle of law resulting in a miscarriage of justice. I dissent.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

     Fifth District - Case No. 5D13-3457

     (Volusia County)

Eric Alan Latinsky of Damore, Delgado, Romanik & Rawlins, Daytona Beach, Florida,

     for Petitioner

Stephen Decatur Hurm, General Counsel, and Jason Helfant, Senior Assistant General Counsel, Florida Department of Highway Safety and Motor Vehicles, Lake Worth, Florida,

for Respondent